GIBSON, DUNN & CRUTCHER LLP
HEATHER L. RICHARDSON, SBN 246517
  HRichardson@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  BHamburger@gibsondunn.com
TIAUNIA HENRY, SBN 254323
  THenry@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendants State Farm Mutual Automobile Insurance Company (erroneously sued as State Farm Mutual, Inc.) and State Farm General Insurance Company (erroneously sued as State Farm General Incorporated)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Los Angeles Superior Court Case No. 22STCV21865)<br><br>Action Filed:  July 6, 2022<br>Trial Date:     None Set |

# TABLE OF CONTENTS

I. TIMELINESS OF REMOVAL ........................................................................... 6

II. FACTUAL BACKGROUND ............................................................................ 7

III. GROUNDS FOR REMOVAL ......................................................................... 8

    A.    Removal Is Proper Under 28 U.S. § 1332(a) ............................................. 8

        1.    There Is Complete Diversity of Citizenship ..................................... 8

            a.    Plaintiffs Are Citizens of California ...................................... 8

            b.    Defendants Are Not Citizens of California ........................... 9

            c.    Defendant State Farm General Was Fraudulently Joined in This Action ............................................................ 10

        2.    The Amount in Controversy for Each Plaintiff Exceeds $75,000 ................................................................................................ 12

            a.    The Amount in Controversy Need Only Be an Estimate of the Claimed Damages ....................................... 12

            b.    Plaintiff Stevens Has Put More Than $75,000 in Controversy ............................................................................. 14

            c.    Plaintiff Jackson Has Put More Than $75,000 in Controversy ............................................................................. 16

IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ............... 16

Case 2:22-cv-06362-FLA-MAA   Document 1   Filed 09/06/22   Page 3 of 18   Page ID #:3

**CASES**

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
  2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ............................................................. 13

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ............................................................. 9

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ............................................................................. 13

*Castillo v. ABM Indus. Inc.*,
  2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) .......................................................... 14

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
  44 F.3d 256 (5th Cir. 1995) ...................................................................................... 11

*Coyle v. Historic Mission Inn Corp.*,
  24 Cal. App. 5th 627 (2018) ..................................................................................... 14

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) .................................................................................... 14

*Garfias v. Team Indus. Servs., Inc.*,
  WL 4512444, (C.D. Cal. Oct. 10, 2017) .................................................................. 13

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
  494 F.3d 1203 (9th Cir. 2007) .................................................................................. 11

*Hayes v. State Farm Mut. Auto. Ins. Co.*,
  No. 3:14-CV-182-J-20PDB, 2014 WL 12621477 (M.D. Fla. May 12, 2014) .......... 9

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ..................................................................................................... 9

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) .................................................................................... 8

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................... 13

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................... 13

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) .................................................................................... 12

*Lippold v. Godiva Chocolatier, Inc.*,
  2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) ............................................................. 13

*Lowe v. State Farm Mut. Auto. Ins. Co.*,
  No. 4:16CV135-RH/CAS, 2016 WL 9223865 (N.D. Fla. Apr. 8, 2016) .................. 9

*McPhail v. Deere & Co.*,
  529 F.3d 947 (10th Cir. 2008) ................................................................................. 12

*Morris v. Princess Cruises, Inc.*,
  236 F.3d 1061 (9th Cir. 2001) ............................................................................ 11, 12

*Patel v. Nike Retail Servs., Inc.*,
  58 F. Supp. 3d 1032 (N.D. Cal. 2014) ............................................................... 12, 13

*Ripa v. Athas Capital Group*,
  18STCV00039 (Cal. Sup. Ct.) .................................................................................. 15

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................... 13

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) ....................................................................... 6, 10, 11

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ................................................................................... 12

*West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*,
  165 F.2d 932 (9th Cir. 1985) ................................................................................... 11

**STATUTES**

28 U.S.C. § 84(a) ............................................................................................................ 17

28 U.S.C. § 1332(a)(1) ............................................................................................... 8, 10

28 U.S.C. § 1332(c)(1) ............................................................................................... 9, 10

28 U.S.C. § 1446(b) ......................................................................................................... 7

28 U.S.C. § 1446(c)(2) ............................................................................................. 12, 13

28 U.S.C. § 1446(c)(2)(B) ............................................................................................. 12

Cal. Bus. Prof. Code §§ 17200, 17208 ......................................................................... 12

Cal. Civ. Code §§ 51, 52(a) ................................................................................... 12

Cal. Civ. Code § 52(a) ........................................................................................... 14

Cal. Civ. Proc. Code § 335.1 ................................................................................. 14

**RULES**

Fed. R. Civ. P. 6(a)(1)(C) ........................................................................................ 7

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS CARMEL STEVENS AND LADALE JACKSON AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, under 28 U.S.C. §§ 1332 and 1441, Defendants State Farm Mutual Automobile Insurance Company[1] ("State Farm Mutual") and State Farm General Insurance Company[2] ("State Farm General") (collectively, "Defendants") hereby remove to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 22STCV21865 in the Los Angeles County Superior Court, State of California.

Plaintiffs Carmel Stevens and Ladale Jackson (collectively, "Plaintiffs"), both California residents, allege that they are African-American purchasers of a life insurance policy. *See* Declaration of Bradley Hamburger, Ex. A, Compl. ¶ 9. Plaintiffs' claims are based on the alleged use of a race-neutral medical formula—the Mayo Clinic's quadratic equation for glomerular filtration rate ("eGFR")—to calculate kidney function as part of the underwriting process. *Id.* ¶¶ 23–29. Plaintiffs claim that the Mayo Clinic's race-neutral eGFR formula underestimates the kidney health of African-Americans, allegedly resulting in Plaintiffs—and a putative class of African-American life insurance customers in California—paying higher life insurance premiums. *Id.* ¶¶ 23–25. Thus, according to Plaintiffs, Defendants discriminated against Plaintiffs and other African-American life insurance policy holders by *not* using race to evaluate their kidney function. *Id.* ¶¶ 21, 61.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between both Defendants (which are citizens of Illinois) and both Plaintiffs (who are citizens of California), and the amount in controversy as to each Plaintiff exceeds $75,000, exclusive of interest and costs. The

---

[1] Erroneously sued as State Farm Mutual, Inc.

[2] Erroneously sued as State Farm General Incorporated.

fact that Plaintiffs named State Farm General as a defendant does not defeat diversity. Although State Farm General has office/s and does business in the state, it is not a citizen of California—and even if it were, its citizenship should be disregarded because it was not properly joined in this lawsuit. Plaintiffs' claims are all based on their allegation that they have paid inflated life insurance premiums, but State Farm General does not sell, and never has sold, life insurance. Given that State Farm General has nothing to do with the claims about life insurance at issue here, Plaintiffs appear to have joined State Farm General in an attempt to destroy diversity among the parties. This fraudulent joinder is ineffective and should not be considered in the evaluation of this Court's jurisdiction. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–1319 (9th Cir. 1998). The grounds for removal are set forth in further detail below.

## I. TIMELINESS OF REMOVAL

1. Plaintiffs filed their putative Class Action Complaint against State Farm Mutual and State Farm General in Los Angeles County Superior Court, State of California, Case No. 22STCV21865, on July 6, 2022. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the (a) Complaint, (b) Civil Case Cover Sheet, (c) Civil Case Cover Sheet Addendum and Statement of Location, (d) Summons, (e) Alternative Dispute Resolution Information Package, (f) First Amended General Order re: Mandatory Electronic Filing, (g) Voluntary Efficient Litigations Stipulation Packet, (h) Notice of Case Assignment—Unlimited Civil Case, (i) Initial Status Conference Order, (j) Certificate of Mailing ((Court Order Regarding Newly Filed Class Action) of 07/18/2022, Initial Status Conference Order), and (k) Minute Order (Court Order Regarding Newly Filed Class Action) are attached as Exhibits A–K to the Declaration of Bradley Hamburger filed concurrently with this notice. There are no other filings on the docket for Case No. 22STCV21865.

2. Plaintiffs served Defendants on August 6, 2022. Hamburger Decl. ¶ 14. This notice of removal is timely because it is filed within 30 days after Plaintiffs served

Defendants on August 6, 2022, excluding the Labor Day holiday on September 5, 2022. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

## II.   FACTUAL BACKGROUND

3. Plaintiffs' Complaint alleges that Defendants violated California's Business and Professions Code, the Unruh Civil Rights Act, the California Insurance Code, and acted negligently because Defendants did not take race into account when assessing the kidney health of life insurance customers—a failure that, according to Plaintiffs, resulted in Plaintiffs paying higher life insurance premiums. *See* Hamburger Decl., Ex. A, Compl. ¶¶ 18–30. Plaintiffs allege that Defendants evaluate kidney function using an "eGFR" formula promulgated by the Mayo Clinic. *Id.* ¶ 24. According to Plaintiffs, an eGFR score *below* 60 is indicative of a higher risk for kidney disease, while a score *at or above* 60 is generally considered healthy. *Id.* ¶ 20. But Plaintiffs allege that the Mayo Clinic's eGFR formula misdiagnoses the kidney health of African-Americans. *Id.* ¶ 25. Plaintiffs claim that they received eGFR scores below 60—but say that if the eGFR number had been calculated using another equation that accounts for their race, they would have received a score above 60. *Id.* ¶¶ 20, 22. And Plaintiffs allege that receiving an eGFR score below 60 resulted in a $4,000 annual increase in their life insurance premiums. *Id.* ¶¶ 20, 22.

4. In addition to bringing claims on their own behalf, Plaintiffs purport to represent a putative class of certain African-American life insurance policy holders in California. Plaintiffs allege that they "believe that there are hundreds if not thousands of similarly situated African-American State Farm life insurance policy holders that are being improperly rated based on their eGFR." *Id.* ¶ 23. Plaintiffs seek to represent the following putative class:

> Every State Farm African-American life insurance policy holder who is paying a higher premium for having an eGFR greater than 60, but rated for having an eGFR lower than 60 from June 27, 2018 to present.

*Id.* at ¶ 33.

5.  Among other things, Plaintiffs allege that they and the putative class are owed restitution, statutory damages under the Unruh Civil Rights Act, attorneys' fees and costs provided by statute, equitable and injunctive relief, and prejudgment interest. *Id*. at 17–18, Prayer for Relief ¶¶ 1–12.  Plaintiffs assert causes of action for (1) violation of Business and Professions Code § 17200, (2) violation of Unruh Civil Rights Act, Cal. Civ. Code § 51, (3) Negligence, and (4) violation of California Insurance Code § 10140—all based on the alleged failure to take their race into account when calculating their eGFR score. *Id*. at ¶¶ 57–88.

### III.  GROUNDS FOR REMOVAL

**A.  Removal Is Proper Under 28 U.S. § 1332(a)**

6.  Removal of this action is proper under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the $75,000 amount in controversy requirement is satisfied.

**1.  There Is Complete Diversity of Citizenship**

7.  "The district courts shall have original jurisdiction of all civil actions … between … citizens of different States." 28 U.S.C. § 1332(a)(1).  This action is a dispute between citizens of different states within the meaning of Section 1332(a)(1).

8.  Both Plaintiffs are citizens of California.  *See* Hamburger Decl. Ex. A, ¶ 9. As Plaintiffs admit, Defendant State Farm Mutual is a citizen of Illinois (its state of incorporation) and has its principal place of business in Illinois.  Declaration of Tamara Jacquot ¶ 3–6; *see also* Hamburger Decl., Ex. A, Compl. ¶ 6.  Defendant State Farm General is also a citizen of Illinois (its state of incorporation) and has its principal place of business in Illinois (where it is headquartered).  Jacquot Decl. ¶¶ 7–10.  As for State Farm General, its citizenship should be disregarded for removal purposes because it was fraudulently joined in this action.  *See id.* ¶ 11.

**a.  Plaintiffs Are Citizens of California**

9.  For purposes of diversity, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *See*, *e.g.*, *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016). Plaintiffs allege that they "[a]re and were residents of California." Hamburger Decl., Ex. A, Compl. ¶ 9. Accordingly, Plaintiffs are citizens of California under 28 U.S.C. § 1332.

### b. Defendants Are Not Citizens of California

10. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

11. State Farm Mutual is a mutual insurance company organized under the laws of the State of Illinois with its principal place of business and corporate headquarters in Illinois. Jacquot Decl. ¶¶ 3–6; *see also* Hamburger Decl., Ex. A, Compl. ¶ 6. State Farm Mutual's books and records are maintained in its home office in Bloomington, Illinois; its officers are elected or appointed primarily in its home office; its principal officers are located at its home office; and its functional departments are headquartered at its home office. *Id.* As such, State Farm Mutual is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Lowe v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 9223865, at *1 (N.D. Fla. Apr. 8, 2016) ("[c]ourts have consistently treated mutual insurance companies as corporations" for purposes of § 1332); *Hayes v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12621477, at *1 (M.D. Fla. May 12, 2014) ("federal courts have treated mutual insurance companies that are incorporated under state law as 'corporations' within the meaning of 28 U.S.C. § 1332(c)").

12. State Farm General is a corporation organized as a domestic stock insurance company under the laws of the State of Illinois with its principal place of business and corporate headquarters in Illinois. Jacquot Decl. ¶¶ 7–10. State Farm General's books and records are maintained in its home office in Bloomington, Illinois; its officers are elected or appointed primarily in its home office; its principal officers are located at its home office; and its functional departments are headquartered at its home office, including its Actuarial Department, which drafts its policy forms, its Underwriting Department, which creates its underwriting standards, and its Human Resources, Enterprise Technology, and Administrative Services Departments. *Id.* As such, State Farm General is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

13. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiffs and Defendants, as they are "citizens of different states." 28 U.S.C. § 1332(a)(1).

### c. Defendant State Farm General Was Fraudulently Joined in This Action

14. Although State Farm General is incorporated and has its principal place of business in Illinois, Plaintiffs may argue that it is a citizen of California because they allege its "address" is in California. Hamburger Decl., Ex. A, Compl. ¶ 6. This argument cannot defeat removal, because State Farm General is not a citizen of California, as shown above. But even if it were, it has been fraudulently joined in this action and its citizenship should be disregarded.

15. State Farm General does not sell, and never has sold, *life* insurance. *See* Jacquot Decl. ¶ 11. Because Plaintiffs claims involve allegedly inflated *life* insurance premiums only, there is no possibility that Plaintiffs can prove a cause of action against State Farm General. *See Ritchey*, 139 F.3d at 1318–1319; *see also* Jacquot Decl. ¶ 11. Accordingly, State Farm General was fraudulently joined, and this Court should disregard its citizenship for purposes of diversity jurisdiction.

16.     Courts disregard the citizenship of a non-diverse defendant that has been fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently' joined[.]").  If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citations and quotation marks omitted).  Fraudulent joinder exists where there is no possibility that the plaintiff can prove a cause of action against the resident, non-diverse defendant. *Ritchey*, 139 F.3d at 1318–19.

17.     When "fraudulent joinder is an issue . . . the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" so the court may look beyond the complaint.  *Id.* (internal quotations omitted).  For example, "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris*, 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)) (alterations in original).  Courts also consider affidavits and other evidence presented by the removing party. *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 165 F.2d 932, n.6 (9th Cir. 1985).

18.     As explained in the attached Jacquot declaration, State Farm General is not licensed to write life insurance and has never been licensed to write life insurance in California or any other state in the United States since its inception in 1962.  Jacquot Decl. ¶ 11.  State Farm General also is not authorized to write life insurance by its articles of incorporation.  *Id.*  As such, State Farm General has no role in the administration or sale of life insurance in California or anywhere else. *Id.*  In fact, the entity that issued Plaintiffs' life insurance policies is State Farm Life Insurance Company ("State Farm

Life").³ Declaration of Nickie Davis ("Davis Decl.") ¶¶ 3–5. Thus, State Farm General could not possibly be liable for selling allegedly overpriced life insurance to Plaintiffs or other members of the putative class. *See id.*; *see also* Jacquot Decl. ¶ 11. Every cause of action in Plaintiffs' Complaint relates to life insurance premiums and underwriting. Hamburger Decl., Ex. A, Compl. ¶ 61 (UCL claim is based on allegedly overpriced "life insurance"); *id.* ¶ 66 (same for Unruh Act claim); *id.* ¶ 77 (same for negligence claim); *id.* ¶ 86 (same for insurance code claim). Accordingly, "it is abundantly obvious that [Plaintiffs] could not possibly prevail" on their claims against State Farm General, and State Farm General's citizenship can be ignored when assessing removal jurisdiction. *Morris*, 236 F.3d at 1068.

### 2. The Amount in Controversy for Each Plaintiff Exceeds $75,000

19. The amount in controversy in this action exceeds the sum of $75,000 for each Plaintiff, exclusive of interest and costs, based on Plaintiffs' demand for recovery of allegedly overpaid insurance premiums, statutory penalties under the Unruh Act, and attorneys' fees, as permitted under the Unruh Act. *See* Hamburger Decl., Ex. A, Prayer for Relief; 28 U.S.C. § 1446(c)(2); *see also* Cal. Civ. Code §§ 51, 52(a); Cal. Bus. Prof. Code §§ 17200, 17208.

#### a. The Amount in Controversy Need Only Be an Estimate of the Claimed Damages

20. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to prove, the truth of plaintiff's assertions before invoking diversity

---

³ Although Plaintiffs have not named State Farm Life as a Defendant in this action, the life insurance policies they purchased were issued by State Farm Life. *See* Davis Decl. ¶¶ 3–5. State Farm Life is a citizen of Illinois. *See* Jacquot Decl. ¶¶ 12–15.

jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

21.   A removing defendant is not required to "'research, state, [or attempt to] prove the plaintiff's claims for damages.'" *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (citations omitted). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g.*, *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

22.   In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (emphasis in original)).

### b. Plaintiff Stevens Has Put More Than $75,000 in Controversy

23. The amount in controversy in this action as to Plaintiff Carmel Stevens exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff Stevens seeks, among other relief, recovery of alleged premium overpayments, statutory damages, and attorneys' fees. *See* Hamburger Decl., Ex. A, Prayer for Relief; U.S.C. § 1446(c)(2); *see also*, *e.g.*, *Garfias v. Team Indus. Servs., Inc.*, WL 4512444, at *3–5 (C.D. Cal. Oct. 10, 2017) (reviewing various categories of relief sought as part of removal analysis).

24. Specifically, Plaintiff Stevens alleges that his premium increased by $4,000 per year beginning in 2021. Hamburger Decl., Ex. A, Compl. ¶ 19. Assuming *arguendo* that Plaintiffs' negligence action would allow for recovery of these economic losses, a cause of action for negligence allows for the recovery of damages proximately caused by the negligence. *See*, *e.g.*, *Coyle v. Historic Mission Inn Corp.*, 24 Cal. App. 5th 627, 646, (2018). The statute of limitations for negligence is two years. Cal. Civ. Proc. Code § 335.1. Therefore, for purposes of demonstrating the amount in controversy requirement only, Plaintiff Stevens' claim for negligence puts at least $8,000 in controversy, exclusive of attorneys' fees.

25. In addition, the Unruh Act provides a minimum $4,000 statutory penalty for each alleged offense, *see* Cal. Civ. Code § 52(a), so for purposes of the amount in controversy requirement only, Plaintiff Stevens' claim for violation of the Unruh Act puts at least $4,000 in controversy, exclusive of attorneys' fees.

26. Plaintiff Stevens also seeks attorneys' fees. *See* Hamburger Decl., Ex. A, Prayer for Relief. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Where "the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Id.*; *Castillo v. ABM Indus. Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov.

20, 2017) (noting that "recent cases in this district hold that post-removal attorneys' fees should be included") (collecting cases). Attorneys' fees are available for Plaintiff Stevens's second cause of action for violation of the Unruh Act. *See* Cal. Civ. Code § 52(a).

27. The potential attorneys' fees at issue here are at least $180,000. This estimate is supported by a recent attorneys' fees motion submitted by Plaintiffs' counsel in another case. On March 22, 2022, Plaintiffs' counsel, Douglas / Hicks Law, APC, submitted a motion for attorneys' fees in *Ripa v. Athas Capital Group*, 18STCV00039 (Cal. Sup. Ct.), a case involving the alleged wrongful termination of a single employee. *See* Request for Judicial Notice in Support of Defendants' Notice of Removal of Class Action. In their motion, Plaintiffs' counsel requested $540,285.00 in attorneys' fees on a $14,000 verdict. *Id.* Plaintiffs' counsel used the lodestar method with a 1.5 multiplier to calculate their fees based on a $900 hourly rate and approximately 480 hours spent in litigation over a 3.5-year period. *Id.* Assuming this action is litigated in two years, and Plaintiffs' counsel conservatively spends 200 hours litigating this case (far less time than the *Ripa* action), and charges the same hourly rate as used in the *Ripa* action, the amount of attorneys' fees in controversy would be *at least* $180,000.

28. Consequently, the total amount in controversy for Plaintiff Stevens' claims, excluding his causes of action for violation of the California Insurance Code and Business & Professions Code, is at least $102,000, demonstrated as follows:

| **Amount in Controversy – Plaintiff Carmel Stevens** | | |
|---|---|---|
| Negligence | $4,000 per year (2-year S.O.L.) | $8,000 |
| Unruh Civil Rights Act | $4,000 per offense | $4,000 |
| Attorneys' Fees | 200 hours x $900/hour divided by 2 to account for Plaintiff Jackson's attorneys' fees | $90,000 |
| | Total amount in controversy: | **$102,000** |

### c. Plaintiff Jackson Has Put More Than $75,000 in Controversy

29. For the same reasons set forth above regarding Plaintiff Stevens, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as to Plaintiff Ladale Jackson because he too seeks, among other relief, restitution, statutory damages, and attorneys' fees. *See* Hamburger Decl., Ex. A, Prayer for Relief.

30. Plaintiff Jackson alleges he "has been paying a higher premium for approximately four (4) years" and "believed that he has been paying approximately $4,000.00 more annually." Hamburger Decl., Ex. A, Compl. ¶ 22. Based on the same alleged acts of negligence and violation of the Unruh Act, as well as attorneys' fees, the amount in controversy as to Plaintiff Jackson is at least $102,000, demonstrated as follows:

| **Amount in Controversy – Plaintiff Carmel Stevens** | | |
|---|---|---|
| Negligence | $4,000 per year (2-year S.O.L.) | $8,000 |
| Unruh Civil Rights Act | $4,000 per offense | $4,000 |
| Attorneys' Fees | 200 hours x $900/hour divided by 2 to account for Plaintiff Stevens' attorneys' fees | $90,000 |
| | Total amount in controversy: | **$102,000** |

### IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

31. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and (c) because:

   a. both Plaintiffs are citizens of California; both Defendants are citizens of Illinois; and there is therefore complete diversity of citizenship;

   b. alternatively, State Farm General was fraudulently joined in this action and its citizenship can be disregarded; and

   c. the amount in controversy for each Plaintiff exceeds $75,000.

32. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.

33. Under 28 U.S.C. § 1441(a), venue is proper because the United States District Court for the Central District of California is the federal judicial district embracing the Los Angeles County Superior Court, where the suit was originally filed. 28 U.S.C. § 84(a).

34. Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Los Angeles Superior Court, in accordance with 28 U.S.C. § 1446(d).

35. Defendants State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company therefore remove this action from Los Angeles County Superior Court.

Dated: September 6, 2022

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Bradley J. Hamburger*
    Bradley J. Hamburger

Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company