GIBSON, DUNN & CRUTCHER LLP
MARCELLUS MCRAE, SBN 140308
  MMcrae@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  HRichardson@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  BHamburger@gibsondunn.com
TIAUNIA N. HENRY, SBN 254323
  THenry@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000

Attorneys for Defendants State Farm Mutual
Automobile Insurance Company (erroneously
sued as State Farm Mutual, Inc.) and State Farm
General Insurance Company (erroneously sued as
State Farm General Incorporated)

**DOUGLAS / HICKS LAW, APC**
Carl E. Douglas (SBN 097011)
carl@douglashickslaw.com
Jamon R. Hicks (SBN 232747)
jamon@douglashickslaw.com
Bianca V. Perez (SBN 327590)
bianca@douglashickslaw.com
5120 W Goldleaf Circle, Ste 140
Los Angeles, CA 90056
Tel: (323) 655-6505

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-06362 FLA (MAAx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:      November 4, 2022<br>Time:      1:00 p.m.<br><br>Judge:    Hon. Fernando L. Aenlle-Rocha<br><br>Action Filed:      July 6, 2022<br>Removal Date:    September 6, 2022 |

Gibson, Dunn &
Crutcher LLP

Plaintiffs Carmel Stevens and Ladale Jackson ("Plaintiffs") and Defendants State Farm Mutual Automobile Insurance company (erroneously sued as State Farm Mutual, Inc.) and State Farm General Insurance Company (erroneously sued as State Farm General Incorporated) (the "Defendants"), (together, the "Parties") submit this Joint Report pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and Local Rule 26-1 in advance of the Initial Status Conference set for November 4, 2022 at 1:00 p.m.

The Parties met and conferred on October 20, 2022, to discuss the following topics in accordance with Rule 26(f) and Local Rule 26-1.

## A.   Statement of the Case

On July 6, 2022, Plaintiffs filed a class action complaint against Defendants in California state court on behalf of themselves and all other members of the general public in California that are similarly situated.   Plaintiffs allege that Defendants discriminated against them and other African American life insurance policy holders by charging them higher premiums based on their estimated Glomerular Filtration Rate (eGFR), which tests kidney function.   ECF No. 6, Ex. A.   Plaintiffs allege that Defendants failed to take race into account when assessing the kidney health of life insurance customers by using a race-neutral formula—the Mayo Clinic's quadratic equation—to calculate eGFR.   Based on this allegation, Plaintiffs brought claims against Defendants for: (1) unfair business practices under California Business and Professions Code section 17200, et seq.; (2) violation of the Unruh Civil Rights Act; (3) negligence; and (4) violation of California Insurance Code section 10140. (*Id.*)

On September 6, 2022, Defendants removed this matter to this Court.  ECF No. 1. The complaint seeks to certify the action as a class action and seeks restitution, statutory penalties, injunctive relief and attorneys' fees against Defendants.

Defendants deny all allegations made by Plaintiffs.   Defendants intend to file a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted on or before November 14, 2022.  ECF No. 18.

Gibson, Dunn & Crutcher LLP

## B.   Subject Matter Jurisdiction

Subject matter jurisdiction in this action is properly based on diversity, under 28 U.S.C. § 1332 because the Parties are diverse and the amount in controversy exceeds $75,000.  *See* EFC No. 1, Defendants' Notice of Removal.

First, Plaintiffs are residents of California.  ECF No. 6, Ex. A, ¶ 9.  Defendant State Farm Mutual Automobile Insurance is a citizen of Illinois, where it is incorporated and has its principal place of business.  ECF No. 1.  Defendant State Farm General Insurance Company is also a citizen of Illinois, where it is incorporated and has its principal place of business.  *Id.*

Second, the amount in controversy exceeds $75,000, exclusive of interests and costs, based on Plaintiffs' demand for recovery of allegedly overpaid insurance premiums, statutory penalties under the Unruh Act, and attorneys' fees.  *See* ECF No. 1. Neither party disputes jurisdiction or service and Plaintiffs do not intend to file a motion to remand.

## C.   Legal Issues

### i.   *Plaintiffs' Position*

The following key legal issues are in dispute:

- Whether Defendants' eGFR standards differentiation violates California Business and Professions Code §17200;
- Whether Defendants' eGFR standards differentiation violates California Insurance Code §10140;
- Whether Defendants' eGFR standards differentiation violates the Unruh Civil Rights Act;
- The proper formula(s) for calculating and/or restitution owed to Class members;
- Whether members of the Class are entitled to statutory damages;
- Whether members of the Class are entitled to declaratory relief; and
- Whether members of the Class are entitled to injunctive relief.

### ii.   *Defendants' Position*

At this time, Defendants believe the key legal issues are:

• Whether Plaintiffs have stated a claim under their causes of action for alleged violations of California Business and Professions Code section 17200, the Unruh Civil Rights Act, negligence, and California Insurance Code section 10410.

• Whether not taking race into account in calculating eGFR constitutes intentional race discrimination under the Unruh Act.

• Whether Plaintiffs have suffered any injury or damages related to their causes of action.

• Whether Defendants are legally prohibited from using race to calculate/adjust eGFR scores.

• Whether the Unruh Act permits claims based on disparate impact.

• Whether Plaintiffs' negligence claim, which is purely based on economic loss, is barred under the economic loss doctrine.

• Whether Defendants owe any tort duty of care to Plaintiffs.

• Whether there is a private right of action under California Insurance Code section 10140.

• Whether Defendants are prohibited under California Insurance Code section 10140 from taking race into account when underwriting insurance.

### D.   <u>Parties and Evidence</u>

#### i.   *Plaintiffs' Position*

##### (a)   **Parties**

Plaintiffs: Carmel Stevens and Ladale Jackson, individually and on behalf of all similarly situated (the putative class). Defendants:  State Farm Mutual, Inc. and State Farm General Incorporated. Plaintiff reserves the right to add parties as appropriate and/or necessary.

#### (b)    Percipient Witnesses

Plaintiffs are still determining which percipient witnesses they may rely on in support of their claims, but at this time, anticipate that Plaintiffs Carmel Stevens and Ladale Jackson, putative class members, customer service representatives who spoke with Plaintiffs and/or putative class members about their life insurance policies, and State Farm employees who were involved in issues relating to the use of eGFR in connection with life insurance underwriting will be percipient witnesses in this matter.

#### (c)    Key Documents

Plaintiffs anticipate that the key documents in this case will be documents relating to Plaintiffs' and the putative class's life insurance policies, including the underwriting process of their life insurance policies, Plaintiffs' and the putative class's medical history, and documents related to any communications between Plaintiffs and/or the putative class and Defendants regarding their life insurance policies will be the key documents in this case.

### iii.    *Defendants' Position*

#### (a)    Parties

As stated in Defendants' Notice of Removal, Plaintiffs filed claims against the incorrect State Farm entity.  The only entity that issued Plaintiffs' life insurance policies is State Farm Life Insurance Company that is not a party to this litigation.  *See* ECF No. 1, ¶ 18.  All of Plaintiffs' causes of action relate to their life insurance premiums and the underwriting process of State Farm Life Insurance Company.  Defendant State Farm General Insurance Company is not authorized by its articles of incorporation, and never has been  licensed to write life insurance in California or any other state in the United States since its inception and was fraudulently joined in this lawsuit for the specific purpose of defeating diversity.  Further, neither named Defendant issued Plaintiffs' life insurance policies at issue here. Therefore, it is Defendants' position that they cannot be liable for any claims related to life insurance to Plaintiffs or other members of the putative class.

1   The named Defendants are State Farm Mutual Automobile Insurance company
2   (erroneously sued as State Farm Mutual, Inc.) and State Farm General Insurance
3   Company (erroneously sued as State Farm General Incorporated).  No publicly held
4   corporation owns 10% or more of the stock of Defendant State Farm Mutual Automobile
5   Insurance Company.  ECF No. 8.  Further, Defendant State Farm General Insurance
6   Company is wholly owned by Defendant State Farm Mutual Automobile Insurance
7   Company. *Id*.

8               **(b)    Percipient Witnesses**

9   Defendants are continuing to evaluate which percipient witnesses they may rely
10  on in support of their defenses or to rebut any claims by Plaintiffs and intend to provide
11  a more complete list of witnesses in their Initial Disclosures.  At this time, Defendants
12  anticipate that Plaintiffs, putative class members, customer service representatives who
13  spoke with Plaintiffs and/or putative class members about their life insurance policies,
14  and employees who were involved in issues relating to the use of eGFR in connection
15  with life insurance underwriting will be percipient witnesses in this matter.

16              **(c)    Key Documents**

17  Defendants anticipate (i) documents or communications relating to Plaintiffs' and
18  the putative class's life insurance policies, including the underwriting process of their
19  life insurance policies, (ii) Plaintiffs' and the putative class's medical history, (iii)
20  documents related to any communications between Plaintiffs' and/or the putative class
21  and Defendants regarding their life insurance policies, and (iv) documents relating to the
22  use of eGFR in connection with life insurance underwriting will be the key documents
23  in this case.  As discovery progresses, Defendants may identify additional relevant
24  documents and reserve the right to supplement this list at a later time.

25      **E.    <u>Damages</u>**

26          ***i.    Plaintiffs' Position***

27  Plaintiffs on behalf of themselves and the Class seek restitution of the funds
28  overpaid and improperly obtained by Defendants, statutory damages pursuant to the

Gibson, Dunn &
Crutcher LLP

6

Unruh Civil Rights Act violations, and all reasonable and necessary attorneys' fees and costs, in addition to equitable and injunctive relief.

### ii. *Defendants' Position*

Defendants contend that Plaintiffs are not entitled to any damages. Plaintiffs' complaint, however, puts at issue more than $75,000 in restitution, statutory damages, and attorneys' fees.

### F. **Insurance**

There is no relevant insurance policy that may satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

### G. **Motions**

### i. *Plaintiffs' Position*

At this time, Plaintiffs do not anticipate filing any motions seeking to transfer venue or challenge the court's jurisdiction. Plaintiffs reserve the right to file motions to add other parties or claims and/or motions to amend pleadings as appropriate and/or necessary.

### ii. *Defendants' Position*

Defendants do not anticipate the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

### H. **Dispositive Motions**

### i. *Plaintiffs' Position*

Plaintiffs anticipate filing a motion for class certification pursuant to Rule 23. Plaintiffs will oppose any motion to dismiss or motion for summary judgment/summary adjudication filed by Defendants. Plaintiffs reserve the right to file discovery motions or motions in limine at the appropriate times.

### ii. *Defendants' Position*

Defendants intend to file a motion to dismiss Plaintiffs' complaint for failure to state a claim for which relief may be granted on or before November 14, 2022.

Should the Court deny Defendants' motion to dismiss, Defendants may file a motion for summary judgment/adjudication or other dispositive motion, and reserve the right to file discovery motions or motions in limine at the appropriate times.

Defendants also intend to oppose any dispositive motions and any class certification motion filed by Plaintiffs.

## I.   **Manual for Complex Litigation**

The Parties agree that there are no procedures from the Manual for Complex Litigation that will be needed for this case.

## J.   **Status of Discovery**

In light of Defendants' forthcoming motion to dismiss, the Parties have not yet begun discovery.

## K.   **Discovery Plan**

### i.   **Initial Disclosures (Fed. R.2: Civ. P. 26(f)(3)(A))**

After the Court denied the stipulation to continue the scheduling conference on October 19, 2022, the Parties promptly scheduled a meet and confer call to comply with the obligations set forth under Rule 26(f) of the Federal Rules of Civil Procedure.  The Parties met and conferred and October 20, 2022 and agreed to exchange Initial Disclosures on November 3, 2022.  The Parties do not anticipate needing any changes to the form or requirements for Initial Disclosures.

### ii.   **Anticipated Subjects of Discovery (Fed. R. Civ. P. 26(f)(3)(B))**

#### i.   *Plaintiffs' Position*

Plaintiffs intend to seek discovery related to the life insurance policies of Plaintiffs and putative class members and the underwriting process for those policies, putative class members' medical histories, and any correspondence regarding Plaintiffs' and putative class members' life insurance policies and eGFR scores.

#### ii.   *Defendants' Position*

Defendants believe subjects of potential discovery include, but are not limited to, discovery regarding the underwriting and life insurance policies Plaintiffs allege they

obtained from Defendants, putative class member's life insurance policies, the underwriting process for those policies, and the use of eGFR in that process, Plaintiffs' and putative class member's medical histories, and any correspondence with Defendants regarding Plaintiffs' and putative class member's life insurance policies and eGFR scores.

### iii.    Timeline for Discovery (Fed. R. Civ. P. 26(f)(3)(B))

If the Court denies Defendants' motion to dismiss, the Parties estimate they will need at least 16 months to complete discovery in this matter.  The Parties agree to meet and confer regarding a class certification briefing schedule and intend to provide the Court a proposed class certification briefing schedule.

### iv.    Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))

The Parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information ("ESI").  The Parties will meet and confer regarding the appropriate manner of production for ESI as the need arises, as the information related to this action may exist in many different formats (e.g. email, databases, etc.)

### v.    Claims of Privilege or of Protection (Fed. R. Civ. P. 26(f)(3)(D))

The Parties agree to use a protective order based off of, and substantially similar to, the Central District's Stipulated Protective Order given the anticipated discovery seeking and involving medical information as well as proprietary business information and processes.  The Parties will prepare the stipulated protective order and present it to the Court for approval.

### vi.    Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))

#### i.    *Plaintiffs' Position*

Plaintiffs do not agree with Defendants' below assertion that discovery should proceed in two phases.

#### ii.    *Defendants' Position*

Defendants propose that discovery should proceed in two phases, with the first phase focusing only on Plaintiffs' individual claims and the second phase focusing on

9

Gibson, Dunn & Crutcher LLP

classwide discovery.  *See* Fed. R. Civ. P. 1 (Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed R. Civ. P. 16 (Court's scheduling order may "modify the extent of discovery").  Defendants believe discovery limited to Plaintiffs' individual claims may resolve some or all of Plaintiffs' claims in this action.

## L.    **Discovery Cutoff**

Subject to this Court's approval, the Parties agree to a trial date of July 16, 2024. This date contemplates an additional six months beyond the suggested 12–15 months in this Court's Schedule of Pretrial and Trial Dates Worksheet because the Parties anticipate complex scientific evaluation of eGFR calculations and extensive expert analysis and testimony, as well as a motion to dismiss and a motion for class certification.  Assuming a trial date beginning July 16, 2024, the Parties propose a non-expert discovery cut-off date of March 1, 2024, and an expert discovery cut-off date of April 5, 2024.

Should the Court order a later trial date, the Parties agree and propose the discovery cut-offs should be continued by a corresponding amount.

## M.    **Expert Discovery**

The Parties agree that expert witness disclosures, reports, and depositions should occur after the Plaintiffs' motion for class certification has been heard and no later than 90 days before the date set for trial as required by Rule 26(a)(2), or if the evidence is intended solely to contradict or rebut the evidence on the same subject identified by another party under Rule 26(a)(2)(B) or (C), within 30 days of the party's disclosure.

The Parties anticipate extensive expert analysis and testimony regarding the scientific issues related to eGFR scores and methods of testing kidney function.

## N.    **Settlement/Alternate Dispute Resolution**

The Parties have not yet discussed settlement.  The Parties intend on attending private mediation before this matter proceeds to trial.

**O.**     **Trial Estimate**

Should the matter to proceed to trial on Plaintiffs' individual claims, the Parties believe trial would take approximately 6–8 days.  This is slightly longer the Court's suggested 4 days because of the need for potentially substantial expert testimony on kidney function and eGFR scores and formulas calculating such scores that Defendants anticipate will be needed.

If a class is certified, the Parties believe an estimate of the trial length would be significantly longer than 6–8 days but it is not possible at this time to determine that estimate without knowing the scope or size of the class.

The Parties anticipate that Plaintiffs, putative class members, employees of State Farm who communicated with Plaintiffs and/or putative class members, expert witnesses on eGFR and kidney function, and employees of State Farm involved in the underwriting process may be on the list of witnesses who will be called at trial.

**P.**     **Trial Counsel**

Plaintiffs will be represented at trial by Carl Douglas, Jamon R. Hicks, Cameron A. Stewart, and/or Bianca Perez of Douglas / Hicks Law, APC.

Defendants currently intend to be represented at trial by Marcellus McRae, Heather L. Richardson, Bradley J. Hamburger, Tiaunia Henry and Daniel Nowicki of Gibson, Dunn & Crutcher LLP.

**Q.**     **Independent Expert or Master**

The Parties agree that that an independent expert or master will not be needed in this matter.

**R.**     **Schedule Worksheet**

Attached as **Exhibit A** to the Parties Joint Rule 26(f) Report is the completed Schedule of Pretrial and Trial Dates Worksheet, which includes dates for which the Parties met and conferred and agreed on.

**S.**     **Other Issues**

The Parties are unaware of any other outstanding issues at this time.

1   Dated: October 21, 2022

2                                        Gibson, Dunn & Crutcher LLP

3                                        By: */s/ Bradley J. Hamburger*

4                                              Bradley J. Hamburger

5                                        Attorneys for Defendants
                                         State Farm Mutual Automobile Insurance
6                                        Company and State Farm General Insurance
                                         Company

7   Dated: October 21, 2022

8                                        DOUGLAS / HICKS LAW, APC

9                                        By: */s/ Jamon R. Hicks*

10                                             Jamon R. Hicks

11                                       Attorneys for Plaintiffs
                                         Carmel Stevens and Ladale Jackson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ECF ATTESTATION

Pursuant to Local Rule 5-4.3.4, I, Bradley H. Hamburger, hereby attest that concurrence in the filing of this document has been obtained from Jamon R. Hicks.

Dated: October 21, 2022

By: */s/ Bradley J. Hamburger*

Bradley J. Hamburger

Gibson, Dunn &
Crutcher LLP