Carl E. Douglas, Esq. (SBN: 097011)
Jamon R. Hicks, Esq. (SBN: 232747)
Bianca V. Perez, Esq. (SBN: 327590)
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Cir, Suite 140
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941
Jamon@douglashickslaw.com
Bianca@douglashickslaw.com

Attorneys for Plaintiffs,
CARMEL STEVENS and LADALE
JACKSON, individually and on behalf
of all similarly situated

# UNITED STATES OF DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br><br>STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED; STATE FARM LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-06362 FLA (MAAx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(Los Angeles Superior Court Case No. 22STCV21865)<br><br>Action Filed: July 6, 2022<br>Trial Date: None Set |

*DOUGLAS / HICKS LAW, APC*
5120 W. Goldleaf Cir, Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

1

**COMES NOW** the Plaintiffs, CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all others similarly situated, for causes of action against the defendants, and each of them, alleges:

## I. <u>INTRODUCTION</u>

1.     This Court has jurisdiction over the alleged violations of the Business Practice in Violation of the Business and Professions Code §17200, et seq, Violation of Insurance Code §10140, Negligence and Violation of Unruh Civil Rights Act.

2.     For years, Defendant State Farm Insurance has boasted the motto "*like a good neighbor, State Farm is there!*" Unfortunately, this motto does not apply to many African-American State Farm life insurance policy holders. In October of 2021, one of State Farm's top selling agents notified top executives of his concern that their life insurance policies may be putting African American policy holders at a severe financial disadvantage. In short, Plaintiff Carmel Stevens ("Stevens") explained that he believed that State Farm relied on improper scoring when determining client's risk for kidney disease. There are different formulas that account for estimated Glomerular Filtration Rate (eGFR). The eGFR shows how well the kidneys are filtering.

3.     Mr. Stevens believes that State Farm Insurance is using a lower eGFR number for some African-American policy holders which in turn results in higher paid premiums. Preliminary investigation shows, that State Farm is aware or should be aware of these discrepancies, but to date has failed to address this inherent problem. As a result, many African-American life insurance policy holders are paying substantially higher premiums.

4.     Given the similarity of Plaintiffs Stevens and Ladale Jackson ("Jackson") surrounding the eGFR issue, Plaintiffs believe that there are hundreds if not thousands of similarly situated African-American State Farm life insurance policy holders who have been improperly rated based on their eGFR.

**FIRST AMENDED COMPLAINT**

*DOUGLAS / HICKS LAW, APC*
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction over the alleged violations of the Business Practice in Violation of the Business and Professions Code §17200, et seq, Violation of Insurance Code §10140, Negligence and Violation of Unruh Civil Rights Act.

6.     On information and belief, and at all times relevant, Defendants operate and are doing business under State Farm Mutual. Defendants, and each of them, do business throughout the State of California. Further, Defendant STATE FARM MUTUAL INSURANCE COMPANY ("State Farm Mutual") and Defendant STATE FARM LIFE INSURANCE COMPANY's ("State Farm Life") principle place of business and corporate headquarters are in 1 State Farm Plaza, Bloomington, Illinois 61710. Defendant STATE FARM GENERAL INCORPORATED ("State Farm General Insurance Company") address is 3345 Michelson Drive, 4th Floor, Irvine, California 92612.

7.     The unlawful acts alleged in this Complaint have a direct effect on Plaintiffs and other life insurance policy holders similarly situated within the State of California. Plaintiffs and the Class Members have suffered damages and will continue to suffer the same harm as the Representative Plaintiffs as a result of Defendants', and each of Defendant's, wrongful conduct unless the relief requested in the Complaint is granted.

8.     Because Defendants conducted business within the State of California at all times relevant, personal jurisdiction is established.

### III. PARTIES

9.     Plaintiffs bring this action on behalf of themselves and other members of the general public similarly-situated. The named Plaintiffs and the class of persons on whose behalf this action is filed are current, former and /or future life insurance policy holders of Defendants who utilized Defendants services in purchasing life insurance policies. At all times mentioned herein, the currently named Plaintiffs are and were residents of California and are life insurance policy holders and customers

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

utilizing Defendants' services within the **four years prior** to the filing of the Complaint.

10. Defendants offered / and Plaintiffs purchased life insurance policies from Defendants from 2018 to 2022.

11. Plaintiffs are informed, believe and allege that Defendants STATE FARM MUTUAL, INC., STATE FARM GENERAL INC., and STATE FARM LIFE INSURANCE COMPANY engaged in conduct of Unfair Business Practices in Violation of the Business and Professions Code 17200, Violation of Insurance Code Section §10140, Negligence, and Unruh Civil Rights Act, Civ. Code §51throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

12. State Farm Mutual Automobile Insurance Company is the parent company of State Farm Life Insurance Company, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Bank, F.S.B., (collectively "State Farm," "the Firm," or "Defendants"). All of these entities are Illinois corporations with their principal place of business in Bloomington Illinois.

13. Plaintiffs are informed, believe, and allege that Defendants STATE FARM MUTUAL, INC., STATE FARM GENERAL INC., and STATE FARM LIFE INSURANCE COMPANY are authorized to do business within the State of California and is doing business in the State of California and/or that DEFENDANTS DOES 1-100 are, and at all times relevant hereto were persons acting on behalf of STATE FARM MUTUAL, INC., STATE FARM GENERAL INC., and STATE FARM LIFE INSURANCE COMPANY in the establishment of, or ratification of, the aforementioned illegal and unfair conduct and policies, violation of the business code, violation of the insurance code, negligence, and violation Unruh Civil Rights Act, Civ. Code §51.

14. Plaintiffs are informed and believes and thereon alleges that Defendants DOES 51-100 are individuals unknown to Plaintiffs. Each of the individual

**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal and unfair conduct and policies, violation of the business code, violation of the insurance code, negligence and Unruh Civil Rights Act, Civ. Code §51.

15.    Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Plaintiffs sue said Defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

16.    Plaintiffs are informed, believe, and allege that at all relevant times, each Defendant was a business, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes STATE FARM MUTUAL, INC., STATE FARM GENERAL INC., and STATE FARM LIFE INSURANCE COMPANY, and DOES 1-100, inclusive.

17.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and /or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment,

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

1  and/or joint venture and with the permission and consent of each of the other

2  Defendants.

3      18.    Plaintiffs make the allegations in this Complaint without any admission

4  that, as to any particular allegation, Plaintiff bears the burden of pleading, proving,

5  persuading, and Plaintiffs reserves all of Plaintiffs rights to plead in the alternative.

6  ## IV.  DESCRIPTION OF ILLEGAL AND UNFAIR BUSINESS PRACTICES

7      19.    Mr. Stevens has been the owner of the State Farm Agency located at

8  4918 W. Slauson Avenue, Los Angeles, California, 90056 for over thirty (30) years.

9  He is one of State Farm's highest-ranking agents. As Mr. Stevens operates a State

10  Farm Agency in a very culturally diverse area; many of his clients are African-

11  American. In addition to providing car and house insurance, he also administers life

12  insurance policies.

13      20.    In or around October of 2021, Plaintiff Stevens applied to change his

14  life insurance policy. As with all life insurance policies, Mr. Stevens underwent a

15  medical examination. Underwriting told Mr. Stevens that his rating came back non-

16  preferred. As a result of this non-preferred rating, he was further told that his premium

17  would increase from $11,000 to $15,000 per year. This is a $4,000 per year

18  difference.

19      21.    Concerned over his medical rating, Mr. Stevens inquired as to the

20  reasoning for the higher premium. Underwriting further explained that his eGFR

21  numbers were low. He was specifically told that any eGFR number under 60 is at a

22  higher risk for kidney disease and therefore are higher risk policy holders.

23  Underwriting further explained that he had a GFR number of 54. Mr. Stevens

24  immediately called his personal doctor to explain his concerns regarding his kidneys.

25  His doctor sent him his medical records which showed that a GFR number for non-

26  African Americans as 54 *but* a GFR number of 63 for African Americans. As Mr.

27  Stevens is an African-American, his numbers were *over* 60 and therefore he should

28

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

not have been charged the increase premium. He should have received a preferred rating and thus a lower premium.

22.    Mr. Stevens again called underwriting to explain the discrepancy. The Defendant told him State Farm does not consider race when determining eGFR.  As a result of this conversation, Mr. Stevens notified executives at State Farm his concerns that other African-American life insurance policy holders have been improperly rated based on their eGFR.  For months, he heard nothing back from the Defendants directly addressing his concerns despite their assurances that they would research the matter and respond accordingly.

23.    Plaintiff Ladale Jackson also learned that Defendant State Farm had improperly and inaccurately assessed his eGFR numbers. In and around 2018, eGFR numbers were given in two categories. African-Americans would receive one number; non African-Americans would receive another number. This was the medical standard during the periods of 2018 to 2021. As a result, Mr. Jackson has been paying a higher premium for approximately four (4) years. Although the non-African American number listed was *below* 60, his African-American number was actually above 60. Therefore, Mr. Jackson also should have received a preferred rating and a lower premium. Instead, he received a non-preferred rating with a higher premium. It is believed that he has been paying approximately $4,000.00 more annually.

24.    Given the similarity of Plaintiffs Stevens and Jackson surrounding the eGFR issue, Plaintiffs believe that there are hundreds if not thousands of similarly situated African-American State Farm life insurance policy holders that are being improperly rated based on their GFR. It is believed that some of these policy holders are paying higher rates, while others were not rated at all – thus never receiving life insurance from the Defendant.

25.    By way of background, national and international organizations recommend that clinicians use estimating equations for glomerular filtration rate

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

7

**FIRST AMENDED COMPLAINT**

(eGFR) to assess kidney function and that clinical laboratories report eGFR whenever someone orders measurement of serum creatinine. There are various calculations to determine a person's eGFR. One of the least recognized formulas is the Mayo Clinic formula.  The Defendants use the Mayo Clinic formula.

26.    The Mayo Clinic eGFR equation was first reported in December of 2004. The major limitation for this equation is that it is not representative of the general population. Importantly, elderly and African-American persons were underrepresented in this study - for example there were only 7 (1%) African American participants in this study. At the time that the Defendants decided to rely upon the Mayo Clinic formula to equate eGFR they knew or reasonably should have known of the limitations in this study.

27.    Proper evaluation of this equation would require testing in an independent population before any statement could be made about its potential for use in clinical practice. Ideally, the population should include many individuals who vary widely with regard to age, race, ethnicity, body composition, risk factors for chronic kidney disease, and types of chronic kidney disease.

28.    For the reasons stated above, the Mayo equation is not routinely used in clinical practice. Furthermore, it is not even recommended in the medical community. There are other widely and recommended equations including the Modification of Diet in Renal Disease (MDRD, published in 1999) and Chronic Kidney Disease Epidemiology (CKD-EPI, published in 2009).

29.    Plaintiffs are informed and believe that the Defendants have been using the Mayo Clinic Equation since December of 2014. The Defendants claim that the Mayo Equation was widely considered to prove the most accurate results across a broad population. Despite this representation, Plaintiffs are informed and believe that the Defendants knew and / or should have known that the Mayo Equation was not "widely considered to prove the most accurate results across a broad population." The Defendants failed to consider using equations that were widely recommended in

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

8

**FIRST AMENDED COMPLAINT**

the medical field. This decision was to the detriment of African-American life insurance policy holders.

30. In fact, Plaintiffs are informed and believe that the Mayo clinic themselves have stopped using this formula to calculate eGFR because it is not the most accurate. It is also believed that no credible agency uses this Mayo Equation formula when calculating eGFR.

31. California Insurance Code Section 10140 states: No admitted insurer, licensed to issue life or disability insurance, shall fail or refuse to accept an application for that insurance, to issue that insurance to an applicant therefor, or issue or cancel that insurance, under conditions less favorable to the insured than in other comparable cases, except for reasons applicable alike to persons of every race, color, religion, sex, gender, gender identity, gender expression, national origin, ancestry, or sexual orientation.

32. California Civil Code Section 51 also known as the Unruh Civil Rights Act provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, religion, sex, and sexual orientation. Defendants constitute as business establishments under Civil Code Section 51.

## V.  CLASS ALLEGATIONS

33. Plaintiffs bring this action individually, as well as on behalf of each and all other persons similarly situated and, thus, seek class certification under California Code of Civil Procedure Section 382.

34. All claims alleged in this Complaint arise under California law for which Plaintiffs seek relief authorized by California law.

35. Pursuant to California Code of Civil Procedure Section 382, Plaintiffs brings this action on behalf of the following class:

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir. Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

Every State Farm African-American life insurance policy holder who is paying a higher premium for having an eGFR greater than 60, but rated for having an eGFR lower than 60 from June 27, 2018 to the present.

36.    Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

37.    Plaintiffs do not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

38.    The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

39.    This action is brought, and may properly be maintained, as a Class Action under California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of those provisions.

40.    Plaintiffs will fairly and adequately protect the interest of the Class.

41.    Plaintiffs have retained counsel experienced in consumer class action litigation.

42.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving Defendant's practices.

43.    A class action is a superior method for the fair and efficient adjudication of this controversy.

44.    Class-wide damages are essential to induce Defendants to comply with the federal and state laws alleged in the Complaint.

45.    Class members are unlikely to prosecute such claims on an individual basis since the individual damages are small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. insurance fraud.

46.    Plaintiffs and the Class seek injunctive relief against Defendants to prevent Defendants from forcing consumers to pay higher life insurance premiums (based on their eGFR scores) when they qualify for lower premiums.

47.    Defendants have acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the Class as a whole.

48.    Members of the Class are likely to be unaware of their rights.

49.    Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

50.    This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

51.    ***Numerosity***: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiffs do not know the number of members in the Class, but believes the Class members number in the thousands, if nor more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

52.    Plaintiffs and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Violation of the Business and Professions Code §17200, et seq; Violation of Insurance Code §10140; Negligence and violation of Unruh Civil Rights Act that caused Plaintiffs and other consumers damages.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

53.     Common Questions of Law and Fact Predominate: The questions of law and fact common to the Class predominate over questions affecting only individual class members, in that the claims of all Class members for each of the claims in this Complaint can be established with common proof, and include, but are not limited to, the following:

(a)    Whether Defendants' eGFR standards differentiation violated the Business and Professions Code §17200;

(b)    Whether Defendants' eGFR standards differentiation violated the Insurance Code §10140;

(c)    Whether Defendants' eGFR standards differentiation violated the Unruh Civil Rights Act;

(d)    The proper formula(s) for calculating and/or restitution owed to Class members;

(e)    Whether members of the Class are entitled to statutory damages;

(f)    Whether members of the Class are entitled to declaratory relief; and,

(g)    Whether members of the Class are entitled to injunctive relief.

54.     *Typicality*: Plaintiffs' claims are typical of the claims of members of the Class, as Plaintiffs were subject the same common course of conduct by Defendants as all Class members. The injuries to each member of the Class were caused directly by Defendants' wrongful conduct as alleged in the Complaint.

55.     *Adequacy of Representation*: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class, and have financial resources to do so.

56.     *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

57.    Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

58.    Plaintiffs and the members of the Class have suffered and will continue to suffer harm as a result of Defendants' unlawful and wrongful conduct. Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## **FOR THE FIRST CAUSE OF ACTION**

### **Violation of Unfair Business Practices Act**

### ***(Cal. Bus. & Prof. Code Sect. 17200 et seq.)***

### **(Against All Defendants on Behalf of Plaintiffs and the Class)**

59.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 56 above as if fully set forth here.

60.    Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

61.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between Defendants' business practices and the alleged harm – that is, evidence that the Defendants conduct caused or was likely to cause substantial injury. It is insufficient for Plaintiffs to show merely that the Defendants' conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNLAWFUL

62.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

63.    As explained above, Defendants discriminated against African-American life insurance policy holders based on their application of eGFR formulas which resulted in higher paid premiums. They failed to consider the medical data at the time which required them to consider race in determining a person's eGFR score. This was to the financial detriment of many African-American life insurance policy holders.

64.    Plaintiffs allege that Defendants knew that they were not using the most equitable eGFR formula, and knew that the Mayo formula result in a direct negative effect on Plaintiffs and those similarly situated.

65.    In doing so, Defendants also violated the California Civil Code Section 51, et seq. prohibits "any unlawful….business act or practice."

66.    Defendants have thus engaged in unlawful business acts entitling Plaintiffs and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful business practices and requiring Defendants to correct its action.

## FOR THE SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act

### *(California Civil Cde Section 51, et. seq.)*

### (Against All Defendants on Behalf of the Plaintiffs and the Class)

67.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 63 above as if fully set forth here.

68.     California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code Sect. 51, et seq., prohibits arbitrary discrimination by business on the basis of specified classifications, including race.

69.     The objective of the Unruh Civil Rights Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination. The Unruh Civil Rights Act applies not merely in situations where businesses exclude individuals altogether, but where treatment is unequal. For purposes of the Unruh Civil Rights Act, unequal treatment includes charging African-American life insurance policy holders a higher premium for eGFR rates. There is no requirement that the aggrieved party must demand equal treatment and be refused.

70.     UCRA must be liberally construed to accomplish this purpose.

71.     Defendants discriminated in violation of a reasonable regulation, and the discrimination was not rationally related to the services it performs.

72.     The Act's remedial provisions are set forth in Cal. Civ. Code Sect. 52(a), which provides:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is labile for each and every offense for the actual damages and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

amount of actual damage but in no case less than four thousand dollars
($4,000), and any attorney's fees that may be determined by the court in
addition thereto, suffered by any person denied the rights provided in Section
51, 51.5 or 51.6.

73.    Plaintiffs need not prove that he suffered actual damages to recover the
independent statutory damages of $4,000. Plaintiffs and the members of the Class
were injured by Defendants violations of Cal. Civ. Code Section 51, et seq. and brings
this action to recover statutory damages and attorney's fees.

## FOR THE THIRD CAUSE OF ACTION

### Negligence

### (Against All Defendants on Behalf of the Plaintiffs and the Class)

74.    PLAINTIFFS incorporate by reference the allegations contained in
paragraphs 1 through 70 above as if fully set forth here.

75.    DEFENDANTS owed PLAINTIFFS a duty as a customer and/life
insurance policy holder inquiring, utilizing and purchasing life insurance policies
from DEFENDANTS business.

76.    By way of background, national and international organizations
recommend that clinicians use estimating equations for glomerular filtration rate
(eGFR) to assess kidney function and that clinical laboratories report eGFR whenever
someone orders measurement of serum creatinine. There are various calculations to
determine a person's eGFR. One of the least recognized formulas is the Mayo Clinic
formula. The Defendants use the Mayo Clinic formula.

77.    The Mayo Clinic eGFR equation was first reported in December of
2004. The major limitation for this equation is that it is not representative of the
general population. Importantly, elderly and African-American persons were
underrepresented in this study - for example there were only 7 (1%) African
American participants in this study. At the time that the Defendants decided to rely

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

upon the Mayo Clinic formula to equate eGFR they knew or reasonably should have known of the limitations in this study.

78.    Proper evaluation of this equation would require testing in an independent population before any statement could be made about its potential for use in clinical practice. Ideally, the population should include many individuals who vary widely with regard to age, race, ethnicity, body composition, risk factors for chronic kidney disease, and types of chronic kidney disease.

79.    For the reasons stated above, the Mayo equation is not routinely used in clinical practice. Furthermore, it is not even recommended in the medical community. There are other widely and recommended equations including the Modification of Diet in Renal Disease (MDRD, published in 1999) and Chronic Kidney Disease Epidemiology (CKD-EPI, published in 2009).

80.    Plaintiffs are informed and believe that the Defendants have been using the Mayo Clinic Equation since December of 2014. The Defendants claim that the Mayo Equation was widely considered to prove the most accurate results across a broad population. Despite this representation, Plaintiffs are informed and believe that the Defendants knew and / or should have known that the Mayo Equation was not "widely considered to prove the most accurate results across a broad population." The Defendants failed to consider using equations that were widely recommended in the medical field. This decision was to the detriment of African-American life insurance policy holders.

81.    In fact, Plaintiffs are informed and believe that the Mayo clinic themselves have stopped using this formula to calculate eGFR because it is not the most accurate.  It is also believed that no credible agency uses this Mayo Equation formula when calculating eGFR. Plaintiffs allege that Defendants were negligent in researching which formula was the most fair and equitable.

82.    As a further direct and proximate result of Defendant's actions, Plaintiffs will certainly lose past and future insurance premium payments, the exact

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

amount of which is not known at this time; when ascertained or at time of trial, Plaintiffs will ask leave to amend to state such amount.

## **FOR THE FOURTH CAUSE OF ACTION**

### **Violation of California Insurance Code §10140**

### **(Against All Defendants on Behalf of the Plaintiffs and the Class)**

83. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 79 above as if fully set forth here.

84. Insurance Code Section 10140 makes it unlawful for a life or disability insurer to fail or refuse to accept an insurance application for that insurance, to refuse to issue a policy to, or to charge a higher rate or premium to an individual or to cancel insurance on conditions less favorable than those applied to all individuals in comparable cases on the basis of the individual's race, color, religion, national origin, ancestry, sexual orientation, or genetic characteristic.

85. By way of background, national and international organizations recommend that clinicians use estimating equations for glomerular filtration rate (eGFR) to assess kidney function and that clinical laboratories report eGFR whenever someone orders measurement of serum creatinine. There are various calculations to determine a person's eGFR. One of the least recognized formulas is the Mayo Clinic formula. The Defendants use the Mayo Clinic formula.

86. The Mayo Clinic eGFR equation was first reported in December of 2004. The major limitation for this equation is that it is not representative of the general population. Importantly, elderly and African-American persons were underrepresented in this study - for example there were only 7 (1%) African American participants in this study. At the time that the Defendants decided to rely upon the Mayo Clinic formula to equate eGFR they knew or reasonably should have known of the limitations in this study.

87. Proper evaluation of this equation would require testing in an independent population before any statement could be made about its potential for

**FIRST AMENDED COMPLAINT**

use in clinical practice. Ideally, the population should include many individuals who vary widely with regard to age, race, ethnicity, body composition, risk factors for chronic kidney disease, and types of chronic kidney disease.

88.   For the reasons stated above, the Mayo equation is not routinely used in clinical practice. Furthermore, it is not even recommended in the medical community. There are other widely and recommended equations including the Modification of Diet in Renal Disease (MDRD, published in 1999) and Chronic Kidney Disease Epidemiology (CKD-EPI, published in 2009).

89.   Plaintiffs are informed and believe that the Defendants have been using the Mayo Clinic Equation since December of 2014. The Defendants claim that the Mayo Equation was widely considered to prove the most accurate results across a broad population. Despite this representation, Plaintiffs are informed and believe that the Defendants knew and / or should have known that the Mayo Equation was not "widely considered to prove the most accurate results across a broad population." The Defendants failed to consider using equations that were widely recommended in the medical field. This decision was to the detriment of African-American life insurance policy holders.

90.   In fact, Plaintiffs are informed and believe that the Mayo clinic themselves have stopped using this formula to calculate eGFR because it is not the most accurate.  It is also believed that no credible agency uses this Mayo Equation formula when calculating eGFR.

91.   As a direct and proximate result of violating Insurance Code Section 10140 by all Defendants, Plaintiffs have suffered past damages and are likely to suffer in damages in the future as set forth in this Complaint.

///

///

///

///

**FIRST AMENDED COMPLAINT**

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants and each of them as follows:

1.      Certifying the Class as requested in this Complaint;

2.      That the Court determine that this act may be maintained as a class action under Code of Civil Procedure Section 382:

3.      That the Court find that Defendants have committed unfair and unlawful business practices, in violation of California Business and Professions Code Section 17200, et seq., by their violations of the Unruh Civil Rights Act as described above;

4.      That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code Section 17200, pursuant to Section 17203;

5.      Appointing Plaintiffs and their counsel to represent the Class;

6.      Restitution of the funds improperly obtained by Defendants;

7.      Any and all statutory enhanced damages, including statutory damages pursuant to the Unruh Civil Rights Act violations;

8.      All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

9.      For equitable and injunctive relief, including public injunctive relief prohibiting Defendant's discriminatory practices;

10.     Any and all other relief that this Court deems just and proper.

11.     Prejudgment interest; and

///
///
///
///
///
///

*DOUGLAS / HICKS LAW, APC*
5120 W. Goldleaf Cir. Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**FIRST AMENDED COMPLAINT**

12.    For such other and further relief as this Court may deem just and proper.

Dated:  December 5, 2022         **DOUGLAS / HICKS LAW, APC**

By: _____

Jamon R. Hicks, Esq.
Attorneys for Plaintiffs,
CARMEL STEVENS and LADALE
JACKSON, individually and on behalf all
others similarly situated.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated:  December 5, 2022         **DOUGLAS / HICKS LAW, APC**

By: _____

Jamon R. Hicks, Esq.
Attorneys for Plaintiffs,
CARMEL STEVENS and LADALE
JACKSON, individually and on behalf all
others similarly situated.

**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941