GIBSON, DUNN & CRUTCHER LLP
MARCELLUS A. MCRAE, SBN 140308
  MMcRae@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  HRichardson@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  BHamburger@gibsondunn.com
TIAUNIA HENRY, SBN 254323
  THenry@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants State Farm Mutual Automobile Insurance Company (erroneously sued as State Farm Mutual, Inc.), State Farm General Insurance Company (erroneously sued as State Farm General Incorporated), and State Farm Life Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED; STATE FARM LIFE INSURANCE COMPANY and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-06362 FLA (MAAx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM GENERAL INSURANCE COMPANY AND STATE FARM LIFE INSURANCE COMPANY**<br><br>[PROPOSED] ORDER IN SUPPORT FILED CONCURRENTLY HEREWITH<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>Hearing Date: January 20, 2023<br><br>Action Filed: July 6, 2022 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Friday, January 20, 2023 at 1:30 pm, in Courtroom 6B of this Court at First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants State Farm Mutual Automobile Insurance Company (erroneously sued as State Farm Mutual, Inc.), State Farm General Insurance Company (erroneously sued as State Farm General Incorporated), and State Farm Life Insurance Company (together, the "Defendants") will and hereby do move to dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' claims fail for multiple reasons.

***Plaintiffs Cannot Demand That State Farm Violate California Law.*** Plaintiffs' entire suit rests on the premise that State Farm was *required* to use race when determining life insurance premiums. But the California Insurance Code strictly prohibits using race in the underwriting process—or even gathering data to determine the race of life insurance applicants. Cal. Ins. Code §§ 10140(a), 10141. Plaintiffs cannot bring a lawsuit premised on the allegation that State Farm should have done something that is a violation of the California Insurance Code—so all of Plaintiffs' claims fail.

***Failure to State an Unruh Act Claim***. Plaintiffs' claim under the Unruh Act fails because they fail to allege that Defendants engaged in any intentional race discrimination. *See Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036 (2022). To the contrary, the complaint focuses on State Farm's *refusal* to consider race. Compl. ¶¶ 23, 63. Because Plaintiffs' allegations *disprove* their claim of intentional discrimination, that alone warrants dismissal of the Unruh Act claim. And Plaintiffs cannot save their Unruh Act claim by characterizing it as stemming from a disparate impact theory, because no "disparate impact" cause of action exists under the Unruh Act. *See Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014).

***Failure to State a Negligence Claim***.  Plaintiff's negligence claim fails because, under California's economic loss rule, Plaintiffs cannot recover economic damages (i.e., allegedly excessive premiums) with a negligence claim.  *See Sheen v. Wells Fargo Bank, N.A.,* 12 Cal. 5th 905, 922 (2022).  Plaintiffs' negligence claim also fails because there is no tort duty of care governing calculation of insurance premiums.  Courts have held that "a person's initial decision to obtain insurance and an insurer's decision to offer coverage generally should be governed by traditional standards of freedom to contract"—not by tort suits.  *Levine v. Blue Shield of California,* 189 Cal. App. 4th 1117, 1129 (2010).

Further, Plaintiffs have failed to allege that any negligence caused them harm.  *See Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1498 (1992) (plaintiff must "prove the negligence was of itself sufficient to bring about that harm").  Plaintiffs do not allege that State Farm's refusal to consider their race when calculating eGFR—the actual alleged cause of their harm—was negligent.  Nor could they, given that California law explicitly requires State Farm to *not* consider a life insurance applicant's race.  *See* Cal. Ins. Code §§ 10140(a); 10141.

***Failure to State a Claim Based on California Insurance Code section 10140.***  Plaintiffs' claim based on California Insurance Code section 10140 should be dismissed because that provision, like the Unruh Act, requires intentional discrimination—which Plaintiffs have not pleaded.  The complaint does not allege that State Farm considered race when setting insurance premiums.  Rather, it alleges that State Farm uses a *race-neutral* eGFR test to determine kidney function.  Compl. ¶ 23.  Accordingly, Plaintiffs' section 10140 claim should be dismissed with prejudice.

***Failure to State a Claim Under the UCL.*** Plaintiffs' claim under the unlawful prong of the UCL fails because it is completely dependent on their other claims—and since the other claims fail, the UCL claim must fail as well.  *See In re Google Assistant Priv. Litig.,* 457 F. Supp. 3d 797, 841 (N.D. Cal. 2020) (claim under "unlawful" prong of UCL fails if other underlying claims fail).  Because Plaintiffs have not pleaded facts

showing that State Farm violated some other statute, they have also failed to plead a violation of the UCL's "unlawful" prong.

This motion is based on this Notice of Motion; the following Memorandum of Law; the Declaration of Bradley J. Hamburger; the files in these actions; argument of counsel; and such other matters as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via telephone on December 12, 2022.  During that conference, the parties were unable to resolve the issues presented in this Motion.

Dated:  December 19, 2022

                      GIBSON, DUNN & CRUTCHER LLP

                      By:  */s/ Bradley J. Hamburger*
                            Bradley J. Hamburger

Attorneys for Defendants State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company and State Farm Life Insurance Company