Carl E. Douglas, Esq. (SBN: 097011)
Jamon R. Hicks, Esq. (SBN: 232747)
Bianca V. Perez, Esq. (SBN: 327590)
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Cir, Suite 140
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941
Jamon@douglashickslaw.com
Bianca@douglashickslaw.com

Attorneys for Plaintiffs,
CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated

**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**UNITED STATES OF DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,

Plaintiffs,

vs.

STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED; STATE FARM LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 2:22-cv-06362 FLA (MAAx)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

(Los Angeles Superior Court Case No. 22STCV21865)

Hearing Date: January 20, 2023
Time: 1:30 p.m.
Courtroom: 6B

Action Filed: July 6, 2022
Trial Date: None Set

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

COMES NOW Plaintiffs CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated, by and through their counsel of record, and hereby submits their Opposition to Defendants' Motion to Dismiss Plaintiff's Class Action Complaint. This Opposition is based on all files and records of this case, the attached Memorandum of Points and Authorities, and any and all such other evidence as may be presented at the hearing on this matter.

Dated: December 30, 2022

Respectfully submitted,

**DOUGLAS / HICKS LAW, APC**

By: /s/ *Jamon R. Hicks*______
JAMON R. HICKS, ESQ.
Attorneys for Plaintiff

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs Carmel Stevens and Ladale Jackson ("Plaintiffs") bring this action against Defendants State Farm Mutual, Inc., State Farm General Incorporated, and State Farm Life Insurance Company (collectively "Defendants" or "State Farm") on behalf of themselves and all others similarly situated, based on State Farm's usage of the Mayo Clinic's formula for calculating estimated Glomerular Filtration Rate (eGFR), which is known to result in lower scores of kidney functioning for African-American patients. Plaintiffs allege that State Farm knew that deficiencies in the Mayo Clinic's formula made it discriminatory towards African-Americans and chose to use it anyway, resulting in arbitrarily high premium payments for African-American policy holders. Plaintiffs therefore bring this class action complaint for unfair business practices, negligence, and violations of the Unruh Civil Rights Act and California Insurance Code.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Fed. R. Civ. P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Erickson v. Pardus*, 551 U.S. 89 (2007). When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000) (internal citations omitted).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

729, 732 (9th Cir. 2001). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 338 (9th Cir. 1996). Dismissal is only proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988).

## III. DEFENDANTS CHOSE TO USE MAYO CLINIC'S eGFR EQUATION KNOWING THAT IT PRODUCES DISCRIMINATORY RESULTS

Plaintiffs allege that State Farm evaluates the kidney function of life insurance applicants using the Mayo Clinic's formula for estimated glomerular filtration (eGFR) rates. However, as stated in Plaintiffs' complaint, "...national and international organizations recommend that clinicians use *estimating* equations for glomerular filtration rate (eGFR) to assess kidney function and that clinical laboratories report eGFR whenever someone orders measurement of serum creatinine... **The major limitation of the Mayo Clinic eGFR equation is that it is not representative of the general population, as elderly and African-American persons were underrepresented in this study**." Dkt. 32 ("FAC") ¶¶ 76,77. An equitable eGFR evaluation "would require testing in an independent population before any statement could be made about its potential for use in clinical practice. Ideally, the population should include many individuals who vary widely with regard to age, race, ethnicity, body composition, risk factors for chronic kidney disease, and types of chronic kidney disease." FAC ¶ 78.

Plaintiffs allege that this information about the deficiencies in the Mayo Clinic formula was known to Defendants at the time they chose to use it in determining Plaintiffs' premium payments. It is this intentional choice to use the Mayo Clinic formula in spite of these deficiencies, that Defendants knew or should have known would have a discriminatory effect (i.e. higher premium payments on the basis of

race) on African-American policy holders, that violated California laws (i.e. the Unruh Civil Rights Act and California Insurance Code).

## IV. LEGAL ARGUMENT

### A. Plaintiffs Have Stated A Claim For Violation Of The Unruh Civil Rights Act

California's Unruh Civil Rights Act prohibits arbitrary discrimination by businesses on the basis of specified classifications, including race. As Plaintiffs state in their complaint, "The objective of the Unruh Civil Rights Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination. The Unruh Civil Rights Act applies not merely in situations where businesses exclude individuals altogether, but where treatment is unequal." FAC ¶ 69. Plaintiffs allege that Defendants' use of the Mayo Clinic's eGFR formula, which they knew or should have known arbitrarily resulted in lower kidney function levels for African-American policy holders (and thus resulted in those policy holders being charged higher premiums for life insurance policies), violates the Unruh Act because it was an intentional choice that resulted in unequal treatment of these African-American policy holders.

Defendants argue that Plaintiff's Unruh Act claim fails because Plaintiffs have not alleged that State Farm acted "with the specific intent to accomplish discrimination." *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036 (2022). However, Plaintiffs allege that Defendants' choice to use the Mayo Clinic's formula constitutes intentional discrimination: "The Mayo Clinic eGFR equation was first reported in December of 2004. The major limitation for this equation is that it is not representative of the general population. Importantly, elderly and African-American persons were underrepresented in this study - for example there were only 7 (1%) African American participants in this study..." FAC ¶ 77. Instead, "[p]roper evaluation of this equation would require testing in an independent population before any statement could be made about its potential for use in clinical practice. Ideally,

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

the population should include many individuals who vary widely with regard to age, race, ethnicity, body composition, risk factors for chronic kidney disease, and types of chronic kidney disease." FAC ¶ 78. For these reasons, the Mayo Clinic formula is no longer routinely used or even recommended in the medical community. FAC ¶ 79.

As explained above, Plaintiffs are informed and believe that Defendants knew African-Americans were under-represented in the Mayo Clinic's formula, and that the formula would have a directly negative and discriminatory result on African-American policy holders, and chose to use it anyway. It is this choice, Plaintiffs allege, that constitutes intentional discrimination and thus a violation the Unruh Civil Rights Act.

**B. Plaintiffs Have Stated A Claim For Negligence**

Plaintiffs allege that State Farm owed Plaintiffs a duty as customers and life insurance policy holders. As explained above, Plaintiffs allege that the Mayo Clinic's eGFR equation is no longer recommended in the medical community, and no longer routinely used in clinical practice, and that two other equations – the Modification of Diet in Renal Disease (MDRD, published in 1999) and the Chronic Kidney Disease Epidemiology (CKD-EPI, published in 2009) – are now more widely used and recommended. FAC ¶ 79. Still, Plaintiffs are informed and believe that Defendants have used the Mayo Clinic's eGFR equation since 2014 and continue to do so, despite their knowledge that the equation does not produce equitable results for African-American policy holders. Plaintiffs allege that Defendants' failure "to consider using equations that were widely recommended in the medical field" and failure to research "which formula was the most fair and equitable" was negligent. FAC ¶ 80. Because of Defendants' failures, Plaintiffs and those similarly situated were forced to arbitrarily pay higher insurance premiums.

///

///

///

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**1. Plaintiffs Should Be Granted Leave To Amend To Allege More Facts Regarding Non-Economic Damages**

Defendants further argue that the "economic loss rule," which states that a plaintiff cannot bring a tort action based on "purely economic losses," bars Plaintiffs' claim for negligence, and that Plaintiffs have alleged no facts showing that Defendants' negligence caused them any harm, let alone non-economic harm. However, Plaintiffs have alleged that Defendants' use of the Mayo Clinic formula to calculate eGFR was negligent, and that it harmed Plaintiffs by, first, resulting in a lower eGFR score. A lower eGFR score not only inflated Plaintiffs' premiums, but also caused Plaintiffs concern for their health, as it indicated lower kidney functioning . FAC ¶ 21. While Plaintiff Stevens' eGFR score, for example, was calculated to be lower, resulting in a higher premium, Plaintiffs are informed and believe that there were also potential African-American policy holders who were denied coverage at all based on a below-threshold eGFR score, resulting in mental and emotional distress. Plaintiffs respectfully request that they be granted leave to amend their complaint to allege these additional facts.[1]

**2. The holding in *Levine v. Blue Shield of California* is not applicable to this case**

Defendants rely on *Levine v. Blue Shield of California*, 189 Cal.App.4th 1117 (2010) for their contention that a court cannot impose a tort duty of care on an insurer's calculation of insurance premiums. However, the plaintiffs' allegations in *Levine* are substantially different from Plaintiffs' claims here. In *Levine*, the plaintiffs (husband and wife) filed a class action complaint for fraudulent concealment, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and unfair competition. Plaintiffs contended that Blue

[1] A district court should provide leave to amend unless it is clear that a complaint could not be saved by *any* amendment. *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (emphasis added) (internal citations omitted).

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

Shield had a duty to disclose to them that their monthly health care premiums would have been lower if they had structured their coverage differently. Blue Shield claimed that they had no duty to disclose information concerning how the plaintiffs could have structured their coverage so as to lower their monthly premiums. Citing *California Service Station*, the court agreed that Defendant owed the plaintiffs no "special duty" in "negotiating the price of an insurance contract," as "a person's initial decision to obtain insurance and an insurer's decision to offer coverage generally should be governed by traditional standards of freedom to contract." *Levine*, 189 Cal.App.4th at 1129.

The holding in *Levine* is not applicable here, as Plaintiffs are not alleging that State Farm owed them a duty to disclose anything about how their premiums were calculated, or a duty to disclose the lowest possible price they would accept for providing Plaintiffs with coverage. Plaintiffs are instead alleging that State Farm had a duty to use an eGFR formula that produces non-discriminatory results so that Plaintiffs and other African-American policy holders were not arbitrarily charged higher premiums. While the *Levine* plaintiffs contend that their insurer failed to provide them with information that would assist the Plaintiffs themselves in making choices about their own coverage, Plaintiffs here contend that State Farm owed them a duty to not calculate their premiums in an arbitrary and discriminatory manner.

Defendants also rely on *Long Beach Mem'l Med. Ctr. v. Kaiser Found. Health Plan, Inc*., 71 Cal.App.5th 323 (2021) for their contention that they had no to duty to Plaintiffs to "use a 'reasonable' process to set premiums." (Motion p. 17) The court in *Long Beach* held that health insurers do not owe a duty to reimburse hospitals for the "reasonable" value of emergency services, but Plaintiffs do not contend that Defendants owed them a duty of reasonableness. Rather, Plaintiffs contend that State Farm owed them a duty to not unlawfully discriminate against African-American policy holders, specifically in the calculation of their life insurance premiums.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

### 3. Plaintiffs Have Stated A Claim For Violation of California Insurance Code Section 10140

Insurance Code Section 10140 makes it unlawful for a life or disability insurer to fail or refuse to accept an insurance application for that insurance, to refuse to issue a policy to, **or to charge a higher rate or premium to an individual** or to cancel insurance on conditions less favorable than those applied to all individuals in comparable cases **on the basis of the individual's race, color, religion, national origin, ancestry, sexual orientation, or genetic characteristic**. FAC ¶ 84. Plaintiffs allege that by continuing to use the outdated and inequitable Mayo Clinic eGFR formula, which results in African-American policy holders being charged higher insurance premiums, Defendants violated Section 10140.

As they argue in relation to Plaintiffs' Unruh cause of action, Defendants argue that Plaintiffs have not plead intentional discrimination as required by Section 10140. Defendants contend that because the California Insurance Code requires life insurers to evaluate life insurance applications using race-neutral criteria, State Farm was unable to take applicants' race into consideration at all when determining insurance premiums and thus has not done engaged in any unlawful business practice. However, Plaintiffs allege that because Defendants knew that the use of the Mayo Clinic's formula had a direct negative effect on African-American policy holders and still made the choice to use it. Again, it is this intentional choice to use this formula in spite of these deficiencies, that Defendants knew or should have known would have a discriminatory effect (i.e. higher premium payments on the basis of race) on African-American policy holders, that demonstrated an intent to discriminate.

///

///

///

///

///

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

**C. Plaintiffs Have Alleged Sufficiently Unlawful Conduct To State A UCL Claim**

California Business and Professions Code § 17200 prohibits "any unlawful... business act or practice." Plaintiffs allege that State Farm discriminated against them and other African-American life insurance holders by using the Mayo Clinic's eGFR formula, which is not the most equitable formula and results in lower eGFR scores and thus higher premiums for African-American policy holders. Plaintiffs further allege that State Farm knew they were using a discriminatory formula, and knew of the detrimental effects the use of that formula would have on African-American policy holders. In continuing to use the Mayo Clinic eGFR formula despite this knowledge, Plaintiffs allege that State Farm violated § 17200.

As alleged in Plaintiffs' complaint, two other equations, the Modification of Diet in Renal Disease (MDRD, published in 1999) and Chronic Kidney Disease Epidemiology (CKD-EPI, published in 2009), are now more widely used and recommended in calculating eGFR, as they produce more equitable results for African-American patients. FAC ¶ 79. Plaintiffs allege that, "At the time Defendants decided to rely upon the Mayo Clinic formula to equate eGFR they knew or reasonably should have known of the limitations in this study," (FAC ¶ 79) because there were more equitable race-neutral formulas that Defendants could have used, and because they failed to use one of those formulas despite knowing the discriminatory effect that the Mayo Clinic's formula had on African-American policy holders' eGFR scores, Defendants engaged in unlawfully discriminatory business practices.

///

///

///

///

///

**_DOUGLAS / HICKS LAW, APC_**
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941

## V. CONCLUSION

For the reasons set forth below, Defendants' Motion should be denied. In the alternative, Plaintiffs respectfully request leave to amend their Complaint to cure any deficiencies identified by the Court.

Respectfully Submitted,

Dated: December 30, 2022

***DOUGLAS / HICKS LAW, APC***

By: /s/ *Jamon R. Hicks*
Jamon R. Hicks, Esq.
Attorney for Plaintiffs