GIBSON, DUNN & CRUTCHER LLP
MARCELLUS A. MCRAE, SBN 140308
  MMcrae@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  HRichardson@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  BHamburger@gibsondunn.com
TIAUNIA HENRY, SBN 254323
  THenry@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
NASIM KHANSARI, SBN 320719
  NKhansari@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants State Farm Mutual Automobile Insurance Company (erroneously sued as State Farm Mutual, Inc.), State Farm General Insurance Company (erroneously sued as State Farm General Incorporated), and State Farm Life Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED; STATE FARM LIFE INSURANCE COMPANY and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-06362 FLA (MAAx)<br><br>**DECLARATION OF MARCELLUS MCRAE IN SUPPORT OF DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM GENERAL INSURANCE COMPANY, AND STATE FARM LIFE INSURANCE COMPANY'S RESPONSE TO COURT'S JULY 28, 2023 ORDER TO SHOW CAUSE**<br><br>Action Filed: July 6, 2022<br>FAC Filed: December 5, 2022<br>Trial Date: None set |

I, Marcellus McRae, declare as follows:

1. I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Central District of California. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendants State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company, and State Farm Life Insurance Company (collectively, "Defendants") in the above-entitled action. I provide this declaration in support of Defendants' Response to the Court's July 28, 2023 Order To Show Cause. Unless otherwise stated, I have personal knowledge of the matters herein, and if asked to testify thereto, I would do so competently.

2. I have been practicing law for approximately 34 years. I joined Gibson, Dunn & Crutcher LLP in February 1998 and am now a Co-Chair of the firm's Trials Practice Group. I have extensive experience litigating a wide variety of civil cases, and have first chaired numerous trials in both federal and state courts.

3. Based on my 34 years of experience as an attorney and my knowledge of the allegations and facts in this action, I believe that the estimate that it will take Plaintiffs' counsel at least 256 hours to litigate this action through trial is reasonable and, in fact, very conservative.

4. Given the nature of the complaint in this action, which includes allegations that are based on technical scientific issues, the estimate that Plaintiffs' counsel spent at least 15 hours investigating the facts, researching the relevant law, and drafting the complaint is a reasonable and conservative estimate.

5. In light of my familiarity with the motion to dismiss that Defendants filed in this action, and having reviewed Plaintiffs' opposition to that motion, the estimate that Plaintiffs' counsel spent at least 10 hours preparing the opposition is reasonable and conservative.

6. Because of the novel and complex nature of Plaintiffs' claims, litigating this action will likely require multiple depositions, motions practice, and significant

preparation for trial. Based on my review of the allegations in Plaintiffs' complaint and the issues identified in the parties joint Rule 26(f) report, I expect that litigating this case through trial would require extensive expert analysis and testimony regarding the Mayo Clinic's test for evaluating the estimated Glomerular Filtration Rate ("eGFR") of the kidneys, including expert analysis and testimony regarding whether the Mayo Clinic eGFR test is intrinsically biased against African American individuals. I also expect there will be lay witness testimony regarding the methodologies that Defendants use to calculate life insurance premiums, and expert analysis and testimony regarding the impact, if any, that eGFR scores may have on those methodologies. Given the complexity of these issues, and based on my extensive experience litigating complex civil cases, I believe six witnesses (both expert and lay witnesses) is a conservative estimate of the number of witnesses that will likely be deposed in this action. Further, in my experience, preparing for and taking or defending a deposition requires far more than 8 hours (particularly given that significant depositions like those that will occur in this case often last 7 hours), and thus the estimate that Plaintiffs' counsel will require at least 8 hours to prepare for and take or defend the deposition of each witness is a reasonable and conservative estimate.

7. Based on my experience and my knowledge of the allegations and facts in this action, I expect that, if this case were to proceed past the pleadings stage, Defendants would file a motion for summary judgment and at least one *Daubert* motion. I have both drafted and opposed numerous summary judgment motions, and, in my experience, drafting an opposition to a dispositive motion (like a summary judgment motion) requires extensive review of both the record in the case and the law governing the claims, and typically takes well over 25 hours of attorney time. The estimate that Plaintiffs' counsel will spend at least 25 hours to defend against a summary judgment motion is thus a reasonable and conservative estimate. I have also drafted and opposed numerous *Daubert* motions, and, in my experience, drafting an opposition to a *Daubert* motion requires extensive review of the expert's report, the expert's deposition, the reports and

depositions of other experts in the case, and relevant case law, and typically takes well over 10 hours of attorney time. The estimate that Plaintiffs' counsel will spend at least 10 hours to defend against a *Daubert* motion is a conservative estimate.

8. Based on my trial experience and my knowledge of the allegations and facts in this action, I believe that an estimate of at least 100 hours to prepare for a 6-day trial, which would include preparing multiple witnesses, completing pre-trial filings, and preparing and responding to motions in limine, is a conservative estimate. Given my knowledge of the allegations and facts of this action, I also believe that the estimate that any trial would take at least six days is reasonable and conservative, and is consistent with the 6-8 day estimate by the parties in the joint Rule 26(f) report.

9. Based on my experience litigating numerous trials, each day of trial will require far more than 8 hours of attorney time, as attorneys participating in trial do not merely attend the trial itself, but also must prepare for the next trial day and address legal and factual issues that invariably arise during trial. Defendants' estimate that Plaintiffs' counsel will work at least 8 hours per day during trial for each of the 6 days is a reasonable and conservative estimate.

10. Based on my experience and my knowledge of the allegations and facts in this action, there are a number of other attorney tasks beyond those I have mentioned above that will likely be required if this action proceeds through trial, including propounding and responding to written discovery, reviewing and producing documents relevant to the claims in the action, and related discovery motions practice. That those

//
//
//
//
//
//
//

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF MARCELLUS MCRAE

tasks are not accounted for in the estimate of 256 hours further confirms that this estimate is reasonable and very conservative.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of August, 2023, at Los Angeles, California.

*Marcellus McRae*
Marcellus McRae