1  GIBSON, DUNN & CRUTCHER LLP
   MARCELLUS A. MCRAE, SBN 140308
2    MMcrae@gibsondunn.com
   HEATHER L. RICHARDSON, SBN 246517
3    HRichardson@gibsondunn.com
   BRADLEY J. HAMBURGER, SBN 266916
4    BHamburger@gibsondunn.com
   TIAUNIA HENRY, SBN 254323
5    THenry@gibsondunn.com
   DANIEL NOWICKI, SBN 304716
6    DNowicki@gibsondunn.com
   NASIM KHANSARI, SBN 320719
7    NKhansari@gibsondunn.com
   333 South Grand Avenue
8  Los Angeles, California  90071
   Telephone:  213.229.7000
9  Facsimile:   213.229.7520

10  Attorneys for Defendants State Farm Mutual
    Automobile Insurance Company (erroneously
11  sued as State Farm Mutual, Inc.), State Farm
    General Insurance Company (erroneously sued
12  as State Farm General Incorporated), and State
    Farm Life Insurance Company

13

14              IN THE UNITED STATES DISTRICT COURT

15           FOR THE CENTRAL DISTRICT OF CALIFORNIA

16  CARMEL STEVENS and LADALE        CASE NO. 2:22-cv-06362 FLA (MAAx)
    JACKSON, individually and on behalf
17  of all similarly situated,        **DEFENDANTS STATE FARM
                                      MUTUAL AUTOMOBILE
18              Plaintiffs,           INSURANCE COMPANY, STATE
                                      FARM GENERAL INSURANCE
19          v.                        COMPANY, AND STATE FARM
                                      LIFE INSURANCE COMPANY'S
20  STATE FARM MUTUAL, INC.;          REQUEST FOR JUDICIAL NOTICE
    STATE FARM GENERAL                IN SUPPORT OF RESPONSE TO
21  INCORPORATED; STATE FARM          COURT'S JULY 28, 2023 ORDER
    LIFE INSURANCE COMPANY and        TO SHOW CAUSE**
22  DOES 1 through 50, inclusive,
                                      Action Filed:   July 6, 2022
23              Defendants.           FAC Filed:      December 5, 2022
                                      Trial Date:     None set
24

25

26

27

28

1  **TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR**

2  **ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE THAT**, in accordance with Rule 201 of the Federal

4  Rules of Evidence, Defendants State Farm Mutual Automobile Insurance Company,

5  State Farm General Insurance Company, and State Farm Life Insurance Company

6  (together, "Defendants") by and through their attorneys of record, respectfully request

7  that this Court take judicial notice of Exhibits filed in support of Defendants' Response

8  to Order to Show Cause attached hereto as:

9      1.    **Exhibit 1,** which is a true and correct copy of the court's tentative and final

10  ruling on Plaintiff's counsel's fee request in *Mykyn Woods v. Greystar Management*

11  *Services, LP*, BC670867 (Cal. Sup. Ct.); and

12      2.    **Exhibit 2,** which is a true and correct copy of the court's order awarding

13  attorneys' fees in *Mitchell v. Soleyman*, Case No. 00-12951-AHMCTX (C.D. Cal. Aug.

14  12, 2002),

15      which are authenticated in the Declaration of Bradley J. Hamburger filed

16  concurrently herewith.

17      Rule 201(b) permits this Court to take judicial notice of any fact "not subject to

18  reasonable dispute" because it can be accurately and readily determined from sources

19  whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  *Intri-Plex*

20  *Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  A court "must take

21  judicial notice if a party requests it and the court is supplied with the necessary

22  information."  *Id*. at 201(c)(2).

23      Defendants request this Court to take judicial notice of Exhibits 1 and 2 to the

24  Declaration of Bradley J. Hamburger, because they are court orders related to attorney

25  fee awards, for purposes of determining the amount in controversy for removal of this

26  matter.  In particular, Exhibit 1 is the court's ruling on Plaintiff's motion for attorneys'

27  fees approving the use of a $750-per-hour rate for Plaintiffs' lead counsel, Jamon Hicks.

28

Gibson, Dunn &
Crutcher LLP

1   Exhibit 2 is s court order awarding $187,734 in attorneys' fees for an Unruh Act claim

2   involving race discrimination.

3       As all of the foregoing exhibits are public court records or filings that are "not

4   subject to reasonable dispute" and related to the issues in this case, they all are properly

5   subject to judicial notice. *See* Fed. R. Evid. 201(b)(2).  The Ninth Circuit has made clear

6   that it is proper to take judicial notice of "court filings and other matters of public

7   record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

8   2006); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well

9   established that we may take judicial notice of judicial proceedings in other courts.").

10  And courts have recognized that "[f]ees awards are matters of public record" *Velez v.*

11  *Wynne*, 220 F. App'x 512, 518 (9th Cir. 2007).

12      Accordingly, Defendants respectfully request that this Court take judicial notice

13  of the exhibits identified above and attached hereto and authenticated by the

14  concurrently filed Declaration of Bradley J. Hamburger.

16  DATED: August 11, 2023             GIBSON, DUNN & CRUTCHER LLP

18                                  By: */s/ Bradley J. Hamburger*
                                        Bradley J. Hamburger

19                                  Attorneys for Defendants State Farm
                                Mutual Automobile Insurance Company

20                                  (erroneously sued as State Farm Mutual,
                                Inc.), State Farm General Insurance

21                                  Company (erroneously sued as State Farm
                                General Incorporated), and State Farm

22                                  Life Insurance Company

Gibson, Dunn &
Crutcher LLP

RJN ISO DEFENDANTS' RESPONSE TO COURT'S JULY 28, 2023 ORDER TO SHOW CAUSE