| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | MARCELLUS A. MCRAE, SBN 140308 |
| 2 |    MMcrae@gibsondunn.com |
| | HEATHER L. RICHARDSON, SBN 246517 |
| 3 |    HRichardson@gibsondunn.com |
| | BRADLEY J. HAMBURGER, SBN 266916 |
| 4 |    BHamburger@gibsondunn.com |
| | TIAUNIA HENRY, SBN 254323 |
| 5 |    THenry@gibsondunn.com |
| | DANIEL NOWICKI, SBN 304716 |
| 6 |    DNowicki@gibsondunn.com |
| | NASIM KHANSARI, SBN 320719 |
| 7 |    NKhansari@gibsondunn.com |
| | 333 South Grand Avenue |
| 8 | Los Angeles, California 90071 |
| | Telephone: 213.229.7000 |
| 9 | Facsimile: 213.229.7520 |

Attorneys for Defendants State Farm Mutual Automobile Insurance Company (erroneously sued as State Farm Mutual, Inc.), State Farm General Insurance Company (erroneously sued as State Farm General Incorporated), and State Farm Life Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS and LADALE JACKSON, individually and on behalf of all similarly situated, | CASE NO. 2:22-cv-06362 FLA (MAAx) |
| Plaintiffs, | **DECLARATION OF BRAD HAMBURGER IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM GENERAL INSURANCE COMPANY, AND STATE FARM LIFE INSURANCE COMPANY'S RESPONSE TO COURT'S JULY 28, 2023 ORDER TO SHOW CAUSE** |
| v. | |
| STATE FARM MUTUAL, INC.; STATE FARM GENERAL INCORPORATED; STATE FARM LIFE INSURANCE COMPANY and DOES 1 through 50, inclusive, | |
| Defendants. | Action Filed: July 6, 2022<br>FAC Filed: December 5, 2022<br>Trial Date: None set |

Gibson, Dunn & Crutcher LLP

I, Bradley J. Hamburger, declare as follows:

1. I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Central District of California. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendants State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company, and State Farm Life Insurance Company (collectively, "Defendants") in the above-entitled action. Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2. Attached hereto as **Exhibit 1,** is a true and correct copy of the court's tentative and final ruling issued on February 25, 2020 in *Mykyn Woods v. Greystar Management Services, LP*, BC670867 (Cal. Sup. Ct.);

3. Attached hereto as **Exhibit 2,** is a true and correct copy of the court's order awarding attorneys' fees filed on June 24, 2002 in *Mitchell v. Soleyman*, Case No. 00-12951-AHMCTX (C.D. Cal.).

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 11th day of August, 2023, at Los Angeles, California.

_____
Bradley J. Hamburger

# EXHIBIT 1

Exhibit 1 - Page 3

Date:
July 29th, 2023

CASE NUMBER: BC670867

# Tentative ruling issued by Judge Elaine Lu on Feb. 25, 2020 in Los Angeles County, CA - Case no: BC670867

Tentative Ruling prepared for:
Erin Kurinsky

**HEARING DATE**
Feb. 25th, 2020

**COUNTY**
Los Angeles County, CA

**DEPARTMENT**
26

**DOCKET FILING DATE**
Aug. 4th, 2017

**JUDGE**
Elaine Lu

**CATEGORY**
civil

**TYPE**
Wrongful Termination (General Jurisdiction)

**STATUS**
Pending

Tentative ruling issued by Judge Elaine Lu on Feb. 25, 2020 in Los Angeles County, CA - Case no: BC670867

CASE NAME:    MYKYN WOODS VS GREYSTAR MANAGEMENT SERVICES LP

CASE NO.:   BC670867

On February 25, 2020, Judge Elaine Lu of Los Angeles County Superior Court, Department 26, issued the following tentative ruling. The Reference Case No.: BC670867 Los Angeles County, California. Hearing Date 02.25.2020.

Case Type: Wrongful Termination (General Jurisdiction)

View Case Records and Case History

---

Superior Court of California

Mykyn woods, Plaintiff, v. greystar management services lp; and DOES 1 to 100. Defendants.

Case No.: BC670867

Hearing Date: February 25, 2020

[TENTATIVE] order RE:

Plaintiff's motion for attorney fees

Background

Following a jury trial, the Court entered judgment in this action on August 20, 2019 in favor of ("Plaintiff") for all causes of action. (See Judgment after Jury Trial, 8/20/19.) On November 25, 2019, Defendants filed the instant motion for attorney fees. On February 18, 2020, the parties stipulated to allow a late opposition and reply to this motion. Accordingly, the Court will consider the opposition and reply. On February 18, 2020, Defendant filed an opposition. On February 19, 2020, Plaintiff filed a reply.

Evidentiary Objections

Defendant objects to the entirety of the Declaration of Anthony Nguyen and to the Declaration of Carl Douglas for hearsay, lack of foundation and authentication, and relevance.

These objections are unnecessary because the Court, when reviewing the evidence is presumed to ignore material it knows is incompetent, irrelevant, or inadmissible. (In re Marriage of Davenport (2011) 194 Cal. App. 4th 1507, 1526.) Courts are presumed to know and apply the correct statutory and case law and to be able to distinguish admissible from inadmissible evidence, relevant from irrelevant facts, and to recognize those facts which properly may be considered in the judicial decision-making process. (People v. Coddington (2000) 23 Cal.4th 529, 644.) Accordingly, the Court overrules these objections.

Legal Standard

Pursuant to Government Code section 12965 subdivision (b): "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees . . . ."

In determining what fees are reasonable, California courts apply the "lodestar" approach. (See, e.g., Holguin v. DISH Network LLC (2014) 229 Cal.App.4th 1310, 1332.) This inquiry "begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (See PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095.) From there, the "[t]he

Exhibit 1 - Page 5

lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (Nord.) Relevant factors include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132.)

Discussion

Right to Recover

Plaintiff has prevailed on multiple FEHA claims under Government Code section 12960. (See Judgment after Jury Trial, 8/20/19.) Accordingly, the Court may award attorney's fees pursuant to Government Code section 12965(b).

Reasonableness of Attorney's Fees

Plaintiff seeks attorney fees in the amount of $254,906.25.

The trial court has broad authority to determine the amount of a reasonable fee. (PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095.) The party bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5, subd. (c)(5).) The party seeking fees has the burden of documenting the appropriate hours expended and hourly rates. (City of Colton v. Singletary (2012) 206 Cal.App.4th 751, 784.) This burden requires competent evidence as to the nature and value of the services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.)

An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records or billing statements, and there is no requirement that such records or statements be offered in evidence. (Steiny & Co., Inc. v. California Electric Supply Co. (2000) 79 Cal.App.4th 285, 293.) Ascertaining the fee amount is left to the trial court's sound discretion. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132.)

Attorney Britany M. Engelman

Lead counsel for Plaintiff, Britany M. Engelman, seeks an hourly rate of $625.00 and a total of 288.75 hours of work on this case. (Engelman Decl. ¶¶ 20, 25.) Engelman was lead counsel and the sole attorney handling this case from the filing of the complaint in August 2017 through February 2019. (Id. at ¶ 3.) Engelman spent these hours conducting client meetings, drafting pleadings, drafting and opposing post-trial motions, reviewing evidence, speaking to witnesses, preparing pre-trial pleadings, drafting trial materials, and conducting a five-day jury trial. (Id. at ¶ 23.) Britany M. Engelman also provides a billing sheet listing the hours spent throughout the entirety of the three years. (Id., at pp. 7-17.)

In opposition, Defendant contends that Britany M. Engelman's hourly rate is not reasonable because the nature of the litigation was simple and straightforward, that she has not presented her customary rate nor why the customary rate is consistent with similarly-experienced attorneys, and that she not presented evidence that she has any special or extraordinary prior experience with employment matters.

The Court disagrees. Plaintiff presents evidence that lead counsel Britany M. Engelman has fourteen years of experience as a trial attorney, was a senior associate at the Cochran firm for five years, has multiple awards and nominations, and has litigated various high-profile cases. (Engelman Decl. ¶¶ 14-18.) Further, Plaintiff also presents declarations of other attorneys to support Britany M. Engelman's hourly rate and experience. (See Nguyen Decl. ¶ 10; Douglas Decl. ¶¶ 11-13; Diggs Decl. ¶¶ 15-16.) Moreover, Plaintiff presents evidence that the hourly rate that Britany M. Engelman has requested is below her customary hourly rate of $650.

The Court finds that the claimed rate is within the range of prevailing rates for attorneys in the community. Furthermore, the Court finds that the hours spent are also reasonable as the hours include the entirety of three years of trial preparation, a five-day jury trial, and post-trial motions. Therefore, the Court awards the full $180,468.75 with regard to Britany M. Engelman's work.

Attorney Jamon R. Hicks

Exhibit 1 - Page 6

Attorney Jamon R. Hicks served as co-counsel for Plaintiff on this case starting around February 2019. (Hicks Decl. ¶ 13.) Jamon R.

Hicks had an hourly rate of $750.00 and spent a total of 99.25 hours working on this case. (Id. at ¶¶ 14-15.) He has been a trial attorney for fourteen years, has worked various high-profile cases, has won numerous awards, and has been awarded this rate before. (Id. at ¶¶ 6-11, 16.) These hours were spent conducting client meetings, drafting pleadings, drafting and opposing post-trial motions, reviewing evidence, speaking to witnesses, preparing pre-trial pleadings, drafting trial materials, and conducting a five-day jury trial. (Id. at ¶ 17.) Jamon R. Hicks also provides a billing sheet to support the claim for hours spent. (Id., Ex. 1.) Defendant does not oppose this.

The Court finds that these rates are within the range of prevailing rates for attorneys in the community. Furthermore, the Court finds that the hours spent are also reasonable for trial preparations, a five-day jury trial, and post-trial motions. Therefore, the Court awards the full amount of $74,437.50 with regard to Jamon R. Hicks's work.

Lodestar Enhancement

In whether to apply a multiplier the California Supreme Court has given clear guidance for the trial courts to follow.

Of course, the trial court is not required to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof. In each case, the trial court should consider whether, and to what extent, the attorney and client have been able to mitigate the risk of nonpayment, e.g., because the client has agreed to pay some portion of the lodestar amount regardless of outcome. It should also consider the degree to which the relevant market compensates for contingency risk, extraordinary skill, or other factors under Serrano III. We emphasize that when determining the appropriate enhancement, a trial court should not consider these factors to the extent they are already encompassed within the lodestar. The factor of extraordinary skill, in particular, appears susceptible to improper double counting; for the most part, the difficulty of a legal question and the quality of representation are already encompassed in the lodestar. A more difficult legal question typically requires more attorney hours, and a more skillful and experienced attorney will command a higher hourly rate.

(Ketchum, supra, 24 Cal.4th at pp.1138–1139.)

Plaintiff requests a lodestar enhancement multiplier of 1.5[1] given the contingent risk, preclusion of other work, difficulty of questions involved, and the skill displayed in presenting the issues. Defendant opposes stating that the fees should be apportioned based upon Plaintiff's failure to prevail on her interactive process and reasonable accommodation claims and that the case was not particularly complex.

The Court declines to apply any enhancement multiplier for this case. The Court is mindful of the contingent nature of the case and the high caliber of work demonstrated by all Counsel in the instant action. Nonetheless, the Court has already addressed Plaintiff's attorneys' skillful display in presenting the evidence in the calculation of the hours worked and hourly rate above. Further, the Court finds that evidence presented at trial and again in the post judgment motions reflect that this case involved relatively simple and straightforward issues. Accordingly, the Court declines to apply any enhancement multiplier.

CONCLUSION AND ORDER

Plaintiff's motion for attorney fees is GRANTED in the total amount of $254,906.25.

Plaintiff is ordered to provide notice of this order and file proof of service of such.

DATED: February 25, 2020 _____

Elaine Lu

Judge of the Superior Court

Related Topics

Exhibit 1 - Page 7

What Is Disability Discrimination for Failure to Provide Reasonable Accommodations?

Case 2:22-cv-06362-FLA-MAA   Document 42-4   Filed 08/11/23   Page 8 of 15   Page ID #:598

# Case Info

**JUDGE**
Elaine Lu

**CASE NO.**
BC670867

**HEARING DATE**
February 25, 2020

**COUNTY**
Los Angeles County, CA

**DEPARTMENT**
26

**DOCKET FILING DATE**
August 4, 2017

**CATEGORY**
Civil

**TYPE**
Wrongful Termination (General Jurisdiction)

**STATUS**
Pending

# Parties

ARAGON JASMINA E.
Attorney for Defendant

BALAM MANUEL DE JESUS JR
Attorney for Defendant

BOLES EEAN L.
Attorney for Plaintiff

ENGELMAN BRITANY MICHELLE
Attorney for Plaintiff

GREYSTAR MANAGEMENT SERVIC…
Defendant

SCHWOB LANDON ROBERT
Attorney for Defendant

WOODS MYKYN
Plaintiff

Exhibit 1 - Page 8

**Other rulings in case**

**Other rulings by Hon. Elaine Lu**

Mighty Enterprises, Inc. Vs She Hong Industrial Co. Ltd., A Taiwan Limited Company, Et Al.

Lew Calderon Vs Power Design, Inc., A Corporate Entity Form Unknown

Madeleine Kennedy Vs The Genfilms Group Et Al

John Doe Vs Evolve Healthcare, A California Corporation, Et Al.

A.R., A Minor, And C.R., A Minor By And Through Their Guardian Ad Litem, Alicia Ramos Acosta Vs Nora Montesdoeoca, Et Al.

Robert Scott Shtofman Vs Julie C Lim Et Al

Anthony Ochoa Vs Aerotek, Inc.

David M. Wolf Vs Jack Banafsheha, Et Al.

Bhupinder S. Mac Vs Kamaljit Singh, Et Al.

A.R., A Minor, And C.R., A Minor By And Through Their Guardian Ad Litem, Alicia Ramos Acosta Vs Nora Montesdoeoca, Et Al.

Exhibit 1 - Page 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 26

| | |
|---|---|
| BC670867 | February 25, 2020 |
| MYKYN WOODS VS GREYSTAR MANAGEMENT SERVICES LP | 8:30 AM |

Judge: Honorable Elaine Lu  
Judicial Assistant: E. Lopez  
Courtroom Assistant: B. Ly  

CSR: None  
ERM: None  
Deputy Sheriff: None  

APPEARANCES:

For Plaintiff(s): Britany Michelle Engelman

For Defendant(s): Jasmina E. Aragon

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

The Court's Tentative Order is provided to all sides via the Court's website.

Matter is called for hearing and Counsel submit.

The Court rules as indicated below and as more fully reflected in the Order which is signed and filed this date and incorporated herein by reference.

The Motion for Attorney Fees filed by Mykyn Woods on 11/25/2019 is Granted.

Motion is GRANTED in the total amount of $254,906.25.

Plaintiff is ordered to provide notice of this order and file proof of service of such.

# EXHIBIT 2

Exhibit 2 - Page 11



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MITCHELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ESHAGH SEYED SOLEYMAN, <br><br> Defendant. | CASE NO. CV 00-12951 AHM (CTx) <br><br> ORDER AWARDING ATTORNEYS' FEES <br><br> THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

The Court has reviewed the parties' various memoranda and declarations concerning plaintiffs' motion for an award of at least $299,925.45 in attorneys' fees and $29,443.33 in expenses. It is not disputed that under 42 U.S.C. § 3613(c)(2) and various state law provisions plaintiffs are entitled to an award, but the amount *is* disputed.

It is unnecessary for the Court to reiterate the standard principles governing this motion, given that the parties themselves have cited the applicable cases. (*E.g., Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983); *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726 (1976); *Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996); *Blum v. Stenson*, 465 U.S.




Exhibit 2 - Page 12

886 (1984) and *Fair Housing of Marin v. Combs*, 255 F.3d 899 (9th Cir. 2002).) In making the determinations set forth below, the Court has applied those factors.

A. **Reasonableness of Hours Claimed**

Defendant understandably and justifiably contends that plaintiffs' counsel devoted an unreasonable number of hours to the case. He challenges much of the need for three lawyers and states, "This case was not complex or complicated - - one 5-10 minute incident in which Mr. Soleyman was found by a jury to have discriminated against plaintiffs." (Opp'n. p. 3.) He especially challenges the amount of time devoted to trial preparation, particularly in light of this Court's November 5, 2001 ruling denying summary judgment, which took into account defendant's failure to respond to requests for admissions.

These arguments are not entirely well-founded. Not until the Court refused to vacate the requests for admissions in late January 2002 was that issue resolved. And the dealings between the parties before their confrontation (which was indeed remarkably brief) involved more than 5-10 minutes. In response, moreover, plaintiffs note that as to trial preparation their counsel prepared all of the requested joint filings; that their "late rush to prepare for trial" resulted from defendant's failure to provide timely discovery and trial disclosures; and that their witness preparation included mock trials and thorough efforts to memorialize information given by third-party witnesses. (See Reply, pp. 4-5.)

Plaintiffs also justify their use of several attorneys by contending that the lawyers' efforts were not overlapping. Not so - - at least, not entirely. For example, it was unnecessary for two attorneys to travel to Los Angeles for the Pre-Trial Conference. And most of the services of the third attorney, Elizabeth Brancart (53.4 hours at $300, totaling $16,020.00) could have and should have been avoidable.

As to the three legal assistants, work of "paralegals" often necessitates additional work by the lawyers. Here, not all of these paralegals were necessary.

To redress the excessive amounts of time poured into this case, plaintiffs voluntarily proposed a ten (10) percent reduction of the lodestar amount, reducing it from $222,167.00 to $199,950.30. That reduction is commendable, but inadequate. The Court cannot possibly scrutinize every entry by every timekeeper (and doesn't' have to; see Evans v. Evanston, 941 F.2d 473, 476 (7th Cir. 1991), cert. denied, 112 S.Ct. 3028 (1992)), but the Court is nevertheless convinced that the amount should have been reduced by twenty (20) percent, to $177,734. (This assumes the hourly rates remain what plaintiffs propose; see below.)

B. **Reasonableness of Hourly Rates**

Plaintiffs seek compensation based on hourly rates (for attorneys) ranging from $300 for both Christopher Brancart and Elizabeth Brancart and (for the most part) $175 for Liza Cristol-Deman. Plaintiffs support these proposed rates primarily on the basis of declarations submitted by a number of attorneys in private practice. There is no legitimate dispute about the reasonableness of these rates and the Court concurs that they are appropriate.

C. *Kerr* **Adjustments**

After calculating the "lodestar" by multiplying the reasonable hours by reasonable rates, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales*, 96 F.3d at 363-364. Applying those factors, which are enumerated in *Morales* at fn. 8-10, the Court finds that only a modest adjustment is warranted.

The Court disagrees with plaintiffs' assertion that the case presented novel and difficult issues. Conceptually, factually and intellectually it was remarkably straightforward. Tactically, it was easy. Defendant's case had been decimated; the near-certainty in Los Angeles of a racially diverse jury made the plaintiffs' case inherently appealing; and the parties' various personalities and backgrounds made

it highly likely that plaintiffs would prevail. Similarly, for some of these very reasons, at the outset this case could not reasonably have been deemed undesirable.

Factors that *do* warrant an upward adjustment are that plaintiffs' trial counsel displayed consistent skill, good judgment and zealous advocacy. Moreover, they took the case on a contingency and achieved an outstanding result, although the Court continues to believe that the huge verdict in significant measure is attributable to defendant's poor performance at trial.

In the exercise of its discretion, the Court concludes that a $10,000 increase, meant largely to recognize plaintiffs' trial counsel's admirable professionalism, is appropriate. Accordingly, defendant shall pay attorneys' fees in the amount of $187,734.00.

D. **Costs**

The costs not compensable under Fed.R.Civ.P. 54 and Local Rule 54 of this Court are not awarded (they are the costs of doing business, in effect); the others are. Accordingly, from the claimed $29,445.33, a total of $18,950.46 is disallowed. Thus costs in the amount of $10,494.87 are awarded.

This matter may be resolved without a hearing, pursuant to Local Rule 7-15 and Fed.R.Civ.P. 78.

IT IS SO ORDERED.[1]

DATE: June 24, 2002

A. Howard Matz
United States District Judge

---

[1] This motion is No. 105 on the docket.

4

Exhibit 2 - Page 15