JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL STEVENS, et al.,<br><br>                              Plaintiffs,<br><br>         v.<br><br>STATE FARM MUTUAL, INC., et al.,<br><br>                              Defendants. | Case No. 2:22-cv-06362-FLA (MAAx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On July 6, 2022, Plaintiffs Carmel Stevens and Ladale Jackson ("Plaintiffs") initiated this action against Defendants State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company ("Defendants")[1] and DOES 1 through 50 in the Los Angeles County Superior Court. Dkt. 6, Ex. A ("Compl."). The Complaint alleges causes of action for negligence and violations of California's Unfair Competition law, the Unruh Civil Rights Act (the "Unruh Act"), and California Insurance Code § 10140. *Id.* Plaintiffs seek actual damages, statutory damages, and

---

[1] In the Complaint, Defendants were erroneously sued as State Farm Mutual, Inc. and State Farm General Incorporated.

attorney's fees. *Id.*

On September 6, 2022, Defendants removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In their Notice of Removal, Defendants allege the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 9.[2]

On July 28, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 40. Only Defendants filed a response. Dkt. 42 ("Def. Resp.").

Having reviewed the Notice of Removal and Defendants' response to the court's Order to Show Cause, and for the following reasons, the court finds Defendants fail to establish subject matter jurisdiction and accordingly REMANDS the action to the Los Angeles County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.

---

[2] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

1   §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court

2   must include "a plausible allegation that the amount in controversy exceeds the

3   jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

4   U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the

5   defendant's allegation" concerning the amount in controversy, "both sides [shall]

6   submit proof," and the court may then decide whether the defendant has proven the

7   amount in controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal

8   jurisdiction must be rejected if there is any doubt as to the right of removal in the first

9   instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendants'

10  burden as the removing party to justify this court's exercise of jurisdiction.  *Id.* at 567.

11          **A.      *Chavez v. JPMorgan Chase & Co.***

12          Defendants, citing to *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir.

13  2018), argue it is "legally significant" that Plaintiffs agreed in the parties' Joint Rule

14  26(f) Report that subject matter jurisdiction exists under 28 U.S.C. § 1332.  *See* Def.

15  Resp. at 5 (citing Dkt. 21 at 3).  In *Chavez*, the Ninth Circuit held that a plaintiff's

16  "concession of diversity jurisdiction... is strong evidence that the amount in

17  controversy exceeds $75,000."  888 F.3d at 416.

18          Here, Defendants claim *Chavez* is "directly on point and dispositive."  Def.

19  Resp. at 6.  The court disagrees.  The *Chavez* court was clear that "litigants cannot

20  stipulate to subject matter jurisdiction where it does not otherwise exist," and

21  explicitly required that a plaintiff's concession of jurisdiction must be "done in good

22  faith."  888 F.3d at 416 (citing *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1095 (9th

23  Cir. 1985)).  The court, therefore, need not accept the parties' alleged agreement that it

24  has jurisdiction without any scrutiny.  Rather, the court must review the parties'

25  allegations regarding the amount in controversy to determine if plaintiff's concession

26  of jurisdiction is made in good faith, when considering the allegations in the record.

27  For the following reasons, the court concludes the parties' allegations do not

28  demonstrate the amount in controversy requirement is met here.

### B.     Actual and Statutory Damages

Defendants allege that actual and statutory damages contribute $32,000 to the amount in controversy in this action.  *See* Def. Resp. at 10.  Defendants calculate the actual damages at issue by multiplying the $4,000 in insurance premiums at issue for each Plaintiff by two, which represents the two-year statute of limitations for Plaintiffs' negligence claim.  *Id.*  This renders an actual damages figure of $8,000 per Plaintiff, for a total of $16,000.

With respect to statutory damages, Defendants argue the Unruh Act provides for a $4,000 penalty for each alleged offense.  *Id.* (citing Cal. Civ. Code § 52(a)).  Since Plaintiffs allege Defendants committed an offense at least twice, Defendants argue the court should consider statutory damages of $8,000 per Plaintiff, for a total of $16,000.

Plaintiffs have not contested Defendants' figures and Defendants calculations appear proper.  The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the combined actual and statutory damages Plaintiffs might recover in this action are properly calculated to be $32,000.

### C.     Attorney's Fees

In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold.  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).  But, before doing so, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*  "While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by

1   identifying awards in other cases, those cases must be similar enough to the case at

2   hand that the court can conclude that it is more likely than not that the plaintiff may

3   incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-

4   TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021).

5       Defendants argue that "[l]itigating this case through trial would take hundreds

6   of attorney hours." Def. Resp. at 7.  Relying on declarations from their counsel,

7   Defendants estimate a total of 256 hours, which includes drafting the Complaint,

8   responding to a motion to dismiss, deposing six witnesses, responding to a motion for

9   summary judgment, responding to a *Daubert* motion, trial preparation, and trial itself.

10   *See id.* at 7–8.  Defendants' estimations, however, based solely on the representations

11   of its own counsel, are speculative.

12       Defendants also cite to two out-of-circuit cases in which district courts found

13   time estimations like those which Defendants propose to be proper.  *Id.* at 8–9.

14   Defendants, however, fail to explain how the facts of those cases are sufficiently

15   similar to the instant case so as to adequately serve as a basis for comparison.

16       With respect to rates, Defendants argue Plaintiffs' counsel is "likely to be able

17   to recover fees at an hourly rate of at least $750, if not more." *Id.* at 9.  To support

18   this assertion, Defendants cite to a case in which a court approved a $750 hourly fee

19   for Plaintiffs' counsel and another in which Plaintiffs' counsel sought a rate of $900.

20   *Id.*  Defendants also contend substantial attorney fee awards are "routinely awarded"

21   in cases involving Unruh Act or discrimination claims.  *Id.*

22       As with its computation of the potential attorney hours at issue, Defendants fail

23   to offer any explanation as to how the cases they cite are similar to the instant action,

24   beyond stating that they both involve claims based in discrimination.  *See id.*  District

25   courts weighing subject matter jurisdiction in discrimination cases need not simply

26   assume the upper extreme of attorney's fee awards granted in other discrimination

27   cases must be included in the amount in controversy.  If this were the law, district

28   courts would be unable to remand discrimination cases for insufficient amounts in

controversy.  District courts, however, regularly do so.

Here, it is Defendants' burden to show, with evidence and to the preponderance standard, that at least $43,001 ($75,001 minus $32,000) in attorney's fees is in controversy.  Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendants have failed to submit evidence substantiating any specific amount of attorney's fees in controversy.

## CONCLUSION

Thus, the court determines Defendants have failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 22STCV21865.  All dates and deadlines in this court are VACATED. Defendants' Motion to Dismiss (Dkt. 34) is DENIED as MOOT.  The clerk of the court shall close the action administratively.


IT IS SO ORDERED.


Dated: September 27, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge